In the Matter of HARLEM VALLEY UNITED COALITION, INC., et al., Respondents, v FRANK A. HALL, as Director of the Division for Youth of the State of New York, et al., Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination of the Director of the Division for Youth that the transfer and conversion of certain buildings of the Harlem Valley Psychiatric Center to the Division for Youth for use as a secure juvenile facility will not have a significant effect on the environment, the appeal (by permission) is from a judgment of the Supreme Court, Dutchess County, dated December 22, 1980, which remanded the matter to the Division for Youth for a redetermination and preliminarily enjoined further action pending the redetermination. Judgment reversed, on the law, without costs or disbursements, determination confirmed, and proceeding dismissed on the merits. This appeal is concerned with the conversion of a part of the Harlem Valley Psychiatric Center in Wingdale, Dutchess County, to a detention facility for juvenile offenders. The conversion consists of the renovation of the existing structures from a capacity of 600 beds to a capacity of 160 beds and the installation of various security devices. Pursuant to the State Environmental Quality Review Act (SEQRA [ECL 8-0101 *et seq.]*), the New York State Division for Youth (the agency which would administer the new facility) determined that the proposed conversion would not have a significant effect on the environment and issued a declaration to that effect (ECL 8-0109; 6 NYCRR 617.11). Petitioners, claiming that the creation of a juvenile detention center near their communities would increase crime and, therefore, significantly effect the environment, brought this article 78 proceeding to review the division's negative declaration. Special Term remanded the matter to the division for reconsideration of the effect of the project on the environment, ordered a predetermination public hearing and preliminarily enjoined further construction. (The judgment has been automatically stayed pursuant to CPLR 5519, subd [a], par 1.) The division's negative declaration was based on an "Environmental Assessment Form" (see 6 NYCRR 617.2 [k]; 617.19) and an "Environmental Impact Fact Sheet" which demonstrate that proper consideration was given by the division to the criteria that may give rise to significant effects on the environment (see 6 NYCRR 617.11). The record indicates that the declaration of nonsignificance occurred after the public became aware of the proposed conversion and had an opportunity to express opinions about the project to the division. The division issued the negative declaration in accordance with the provisions of SEQRA and its regulations (ECL 8-0101 *et seq.;* 6 NYCRR Part 617) after identifying the relevant criteria, giving that criteria a searching evaluation and developing a reasoned elaboration of the basis for the deter-

mination (see *H.O.M.E.S. v New York State Urban Dev. Corp.,* 69 AD2d 222). The determination that the conversion would have no significant effect on the environment was reasonable (see *New York Moratorium on Prison Constr. v New York State Dept. of Correctional Servs.,* 91 Misc 2d 674) and a redetermination is not required. Mangano, J.P., Cohalan, O'Connor and Weinstein, JJ., concur.