■ In the Matter of the ASSOCIATION FOR THE DEVELOPMENT OF A HEALTHY ONEONTA COMMUNITY, INC., Appellant, v JOHN R. KIRKPATRICK et al., Constituting the Planning Board of the Town of Oneonta, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Harlem, J.), entered October 23, 1981 in Otsego County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of a negative declaration of environmental significance made by the Town of Oneonta Planning Board. On April 30, 1981, respondent Mark Pantlin, doing business as Pantlin Associates, submitted an application for a building permit to build a retail shopping mall in the Town of Oneonta. Site plan review of the proposed project was referred to the Town of Oneonta Planning Board which requested an environmental assessment form (EAF) required by the town zoning ordinance and the State Environmental Quality Review Act (SEQRA). When the EAF statement was submitted on July 9, 1981, and after the planning board was designated "lead agency" for SEQRA purposes, a public informational meeting was called for August 24, 1981. Petitioner, the Association for the Development of a Healthy Oneonta Community, Inc. (ADHOC), was incorporated as a type A civic association by the filing of its certificate of incorporation on July 3, 1981 under the Not-For-Profit Corporation Law. On August 19, 1981, ADHOC submitted its written views on the necessity of an environmental impact statement and its concern regarding consistency with the zoning ordinance. At the public informational hearing, four members of ADHOC appeared and spoke against the project. Following the meeting, the planning board issued a negative declaration of environmental significance. ADHOC attempts to review this determination. For the reasons stated in the opinion of Special Term, we agree that petitioner lacked the requisite standing to maintain this proceeding (*Matter of Douglaston Civic*

*Assn. v Galvin,* 36 NY2d 1). However, even if the merits of the proceeding were to be considered, we would affirm the dismissal of the petition. The planning board's negative declaration of environmental significance was not arbitrary and capricious; the planning board identified the areas of environmental concern, took a "hard look" at it by reviewing the EAF prepared by the developers' architects, and the other critical environmental criteria which served as a foundation for its determination of environmental nonsignificance obviating the need for an environmental impact statement (*H.O.M.E.S. v New York State Urban Dev. Corp.,* 69 AD2d 222). When a reasonable determination is made in accordance with these criteria, it should be upheld (*Matter of Harlem Val. United Coalition v Hall,* 80 AD2d 851, affd 54 NY2d 977). Furthermore, petitioner has failed to exhaust its administrative remedies by its failure to appeal the determination to the zoning board of appeals pursuant to subdivision 2 of section 267 of the Town Law. Finally, a retail shopping mall is a permitted use within a highway development district under the Town of Oneonta Zoning Ordinance (see § 15.0206). Accordingly, the determination of Special Term should be affirmed. Judgment affirmed, without costs. Sweeney, Casey, Mikoll and Levine, JJ., concur; Mahoney, P. J., not taking part.