In the Matter of PETER F. COHALAN et al., Respondents, v HUGH L. CAREY et al., Appellants.

Second Department, July 13, 1982

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (John G. Proudfit* and *Barbara B. Butler* of counsel) and *Ramon J. Rodriguez, Chief Counsel, New York State Department of Correctional Services,* for appellants.

*Twomey, Latham & Shea (John F. Shea, III., Stephen B. Latham* and *Thomas Spota* of counsel) and *Guy Germano, Deputy Town Attorney,* for respondents.

OPINION OF THE COURT

*Per Curiam.*

This appeal concerns the proposed conversion of three buildings on the grounds of the Pilgrim Psychiatric Center into a medium security prison facility. Pursuant to the

State Environmental Quality Review Act (SEQRA) (ECL 8-0101 *et seq.*) the Department of Correctional Services (DOCS) issued a negative declaration and environmental assessment form (EAF) determining that: "the transfer to and reutilization of buildings 81, 82 and 83 of the Pilgrim Psychiatric Center for use by the Department as a medium security facility will not have a significant effect on the environment."

In this proceeding, petitioners seek to set aside the decision to partially convert the psychiatric facility to a prison, on the grounds, *inter alia,* that appellants acted in violation of SEQRA by failing to properly consider the potential impact of such action upon the surrounding communities in general, and the immediate patient community in particular.

In granting the instant application for a preliminary injunction pending final resolution of the proceeding, Special Term found that petitioners had established the requisites for such relief: a likelihood of success on the merits, irreparable injury absent the injunction and equities balanced in petitioners' favor.

The basic purpose of SEQRA is to declare a State policy to promote efforts which will prevent or eliminate damage to the environment and enhance human and community resources (ECL 8-0101; *Matter of Rye Town/King Civic Assn. v Town of Rye,* 82 AD2d 474, apps dsmd 55 NY2d 747).

In furtherance of this policy, SEQRA mandates that all State and local agencies, such as DOCS (ECL 8-0105, subds 1, 2, 3), prepare or cause to be prepared, an environmental impact statement (EIS) on any action they propose or approve "which may have a significant effect on the environment" (ECL 8-0109, subd 2). Agencies are directed to make an initial determination, as early as possible, as to whether an EIS needs to be prepared in relation to a proposed action (ECL 8-0109, subd 4).

Although there are no specific guidelines in the statutes for determining whether a particular agency action "may have a significant effect on the environment", the regulations of the Commissioner of Environmental Conservation,

adopted pursuant to ECL 8-0113, set forth certain criteria which are considered "indicators of significant effects on the environment" (6 NYCRR 617.11 [a]). Included among those criteria are "the creation of a material conflict with a community's existing plans or goals as officially approved or adopted" (6 NYCRR 617.11 [a] [4]), and "the creation of a hazard to human health or safety" (6 NYCRR 617.11 [a] [7]).

In order to support a negative declaration that the project will have no significant impact on the environment (such as in the instant case), an agency must show that "it identified the relevant areas of environmental concern, took a 'hard look' at them (*Kleppe v Sierra Club,* 427 US 390, 410, n 21; *Maryland-National Capital Park & Planning Comm. v United States Postal Serv.,* 487 F2d 1029, 1040) and made a 'reasoned elaboration' of the basis for its determination (*City of Rochester v United States Postal Serv.,* 541 F2d 967, 973)." (*H.O.M.E.S. v New York State Urban Dev. Corp.,* 69 AD2d 222, 232.)

Contrary to the finding of Special Term, we find that DOCS' negative declaration and EAF indicate that it made a thorough investigation of the problems involved and reasonably exercised its discretion in determining that its proposed action would have no significant impact on the environment (see *H.O.M.E.S. v New York State Urban Dev. Corp.,* 69 AD2d 222, 231, *supra*).

The negative declaration states: "In its evaluation the Department has identified no significant adverse impact on the environment (as that term is defined by SEQRA and its implementing regulations) as indicated by the attached environmental assessment."

In the accompanying EAF, considerable attention was devoted to the socio-economic impact of the proposed action upon the surrounding communities. Further, in relation to the specific question of the effect upon human health and safety, the EAF stated:

"In examining this aspect of the contemplated action, we focus on the security of the facility and the potential for inmate escape and/or disturbance. The paramount concern of local residents will be the perceived threat to their own

personal safety, as well as that of neighbors and patients at Pilgrim Psychiatric Center, resulting from close proximity to a medium security correctional facility housing 1,000 convicted criminals.

"While such local concern varies widely throughout the State, past community experience in this area indicates that safety will be a violatile issue, at least for many local residents. *To this we need to add the normal concerns of the Pilgrim Psychiatric Center staff in maintaining the on-going care of their patients.*" (Emphasis added.)

At the hearing on the motion for a preliminary injunction, Commissioner Coughlin, of the Department of Correctional Services (who issued the negative declaration), testified regarding his consideration and evaluation of the possible impact of the proposed action on the well-being of the patient community, and the reasons for his conclusion that there would be no significant impact.

We also note that, in reaching his conclusion, Commissioner Coughlin consulted with, among others, the Commissioner of Mental Health, who is charged with safeguarding the well-being of the patient community of the psychiatric facility. The approval given to the action by the Commissioner of Mental Health implicitly denotes that the well-being, care and treatment of those patients was given due consideration in reaching the conclusion that there would be no significant effect upon the environment.

The expert testimony adduced by the parties expressed totally divergent views of the effect the prison facility might have on the mental health of the patients. However, the fact that there was a difference of opinion by the experts, which is not uncommon, is not dispositive of the issue, which is whether the commissioner complied with the statute and acted reasonably.

Regardless of this court's personal views on the possible deleterious impact the proposed action might have on the patient community, we are bound by the statutes to determine whether appellants have satisfied the statutory requirements of SEQRA, and not to substitute our judgment for that of appellants if those requirements have been satisfied (see *Matter of Harlem Val. United Coalition v Hall,* 54 NY2d 977).

DOCS fulfilled its obligation to identify and evaluate the relevant issues of environmental concern in issuing the negative declaration and EAF, and made a reasonable determination based thereon (*H.O.M.E.S. v New York State Urban Dev. Corp., supra,* pp 231-232). Accordingly, we find that petitioners have failed to establish a likelihood of success on the merits.

In balancing the equities, we cannot overlook the dangerously overcrowded conditions in the State's prisons, and the potentially explosive situation they create. This renders efforts to alleviate those conditions matters of the highest public priority. These conditions, and the pressures placed upon the Department of Correctional Services by State and Federal court decisions, makes time of the essence. We are not unmindful of the State's obligation to insure that the rights of the patients at Pilgrim Psychiatric Center to proper care and treatment are protected. In this context, we note that the Commissioner of Mental Health, who is vested with that responsibility, has approved the plan in question. Accordingly, the equities preponderate in favor of appellants.

Consequently, we hold that petitioners have failed to establish a likelihood of success on the merits and a preponderance of equities in their favor, and are not entitled to a preliminary injunction.

MOLLEN, P. J., TITONE, MANGANO and NIEHOFF, JJ., concur; WEINSTEIN, J., dissents and votes to affirm the order (see *Matter of Rye Town/King Civic Assn. v Town of Rye,* 82 AD2d 474, apps dsmd 55 NY2d 747).

Motion for leave to appeal from an order of the Supreme Court, Suffolk County, dated July 9, 1982, which, after a hearing, preliminarily enjoined the movants from transferring prisoners to the Long Island Correctional Facility at Pilgrim Psychiatric Center pending a final determination in the proceeding or further order of the court.

Motion for leave to appeal granted.

Upon the appeal, order reversed, on the law and the facts, without costs or disbursements, and motion for a preliminary injunction denied.

In view of the foregoing, the order of this court dated July 12, 1982 vacating the automatic stay is hereby vacated and set aside.