◼ In the Matter of the STATE OF NEW YORK NORTHEASTERN QUEENS NATURE AND HISTORICAL PRESERVE COMMISSION et al., Petitioners, v ROBERT F. FLACKE, as Commissioner of the New York State Department of Environmental Conservation, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review (1) a determination of the Commissioner of the New York State Department of Environmental Conservation, dated October 8, 1980, granting the New York City Department of Environmental Protection permits for the construction of a sanitary force main within, or adjacent to, certain tidal wetlands, and (2) a negative declaration of the New York City Planning Commission and Department of Environmental Protection, dated March 20, 1979, that the construction of said sanitary force main would have no significant environmental impact. Determination of the Commissioner of the New York State Department of Environmental Conservation confirmed and proceeding dismissed on the merits with respect thereto. Petition otherwise dismissed, without costs or disbursements, on the ground that review of the negative declaration of the New York City Planning Commission and Department of Environmental Protection is time barred (see CPLR 217) and is, moreover, academic, given the requirement that the Commissioner of the New York State Department of Environmental Conservation independently consider environmental impact before issuing permits pursuant to article 25 of the Environmental Conservation Law (see 6 NYCRR 617.3 [e], 617.9 [c], [d]; 661.10 [b], [c]). In this proceeding pursuant to CPLR article 78, review is sought, *inter alia,* of the determination of the Commissioner of the New York State Department of Environmental Conservation granting the New York City Department of Environmental Protection (Bureau of Sewers) permits,

subject to noted conditions, to construct a sanitary force main through, or adjacent to, certain tidal wetlands. The issue is whether, as a matter of law, this determination was supported by substantial evidence upon the whole record, i.e., whether the proof was so substantial that from it an inference of the existence of the facts found could be reasonably drawn "such as to require a court to submit it as a question of fact to a jury" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181). Upon review of the entire record before us, we are convinced that on each of the factors to be considered by the State commissioner before issuing use permits on tidal wetlands or adjacent areas (6 NYCRR 661.10), there was evidence presented in support of the application which, though contradicted in part, formed a sufficient basis, if believed, for the fact finder's determination that the applicable standards for the issuance of such permits for the proposed regulated activity would be met. We note that although the applicant New York City Department of Environmental Protection did not itself adduce evidence on the issue of environmental impact, competent, relevant and material evidence was offered by an administrator of the New York State Department of Environmental Conservation which satisfied the city's burden of establishing that the proposed regulated activity would not have an undue adverse environmental impact on the present or potential value of the affected tidal wetland areas (see 6 NYCRR 661.10 [a], [b]). We also note that the proposed regulated activity, the installation of an underground sewer to correct a long-standing serious health problem caused by the present discharge of raw sewage into Little Neck Bay, is a generally compatible use subject to permit requirements (see 6 NYCRR 661.5 [b] [41]; 661.10 [b] [1] [v]; 661.10 [c] [4]). Mollen, P. J., Mangano, Gibbons and Thompson, JJ., concur.