In the Matter of TOWN OF YORKTOWN, Respondent, v NEW YORK STATE DEPARTMENT OF MENTAL HYGIENE et al., Appellants, and HUDSON VALLEY HEALTH SYSTEMS AGENCY, INC., et al., Respondents. — In a proceeding pursu-

ant to CPLR article 78 to review a determination of the New York State Division of Substance Abuse Services granting a final certificate of approval, dated January 29, 1982, which authorized appellant Phoenix House Foundation, Inc., to operate a substance abuse program in the Town of Yorktown, the appeal is from a judgment of the Supreme Court, Westchester County (Rosenblatt, J.), dated August 18, 1982, which, *inter alia,* set aside said final certificate of approval. Judgment reversed, on the law, without costs or disbursements, determination confirmed and proceeding dismissed on the merits. The certificate of approval, dated January 29, 1982, is reinstated. This case involves efforts by Phoenix House Foundation, Inc. (hereinafter Phoenix House), to set up a drug abuse program for 300 persons in what was once a Jesuit seminary in the Town of Yorktown. The Division of Substance Abuse Services (DSAS), after completing a short-form environmental assessment form (EAF), and part II of the long-form EAF, determined, on November 19, 1981, that the proposed program would have no significant effect on the environment. Thereafter, on January 29, 1982, DSAS issued a final certificate of approval to Phoenix House. This CPLR article 78 proceeding was commenced on March 30, 1982, to review the determination of the DSAS granting the certificate of approval. The judgment appealed from set aside that certificate on the ground that "an environmental impact study is required as a matter of law". We reverse. We agree with petitioner that review of the validity of the determination of the DSAS, dated November 19, 1981, is not time barred. That determination, that the proposed program would have no significant effect on the environment, was merely a preliminary step in the DSAS' decision-making process (see *Matter of Save the Pine Bush v Planning Bd. of City of Albany,* 83 AD2d 741; *Ecology Action v Van Cort,* 99 Misc 2d 664). Only after the DSAS reached a final decision, and issued the certificate of approval, was its determination of environmental nonsignificance ripe for review. The case of *Matter of State of New York Northeastern Queens Nature & Historical Preserve Comm. v Flacke* (89 AD2d 928), is distinguishable because it involved two final determinations, the first by the New York City Planning Commission, that the action would have no significant effect on the environment, and the second by the Department of Environmental Conservation, issuing the permit. The New York City Planning Commission did not have the authority to issue a permit, therefore, its determination of environmental nonsignificance was a final decision in its own right. On the merits, this court may not substitute its judgment for that of the administrative agency, in this case the DSAS (see *Matter of Cohalan v Carey,* 88 AD2d 77, 80, app dsmd 57 NY2d 672). This court's considerations are limited to whether the DSAS "fulfilled its obligation to identify and evaluate the relevant issues of environmental concern in issuing the negative declaration and EAF, and made a reasonable determination based thereon" (see *Matter of Cohalan v Carey, supra,* p 81). As Special Term noted, Phoenix House's program is an " 'unlisted' action". Therefore, the DSAS was not required to complete a long-form EAF (see 6 NYCRR 617.7 [b]). Based upon the information before it, the DSAS concluded, *inter alia,* that the program would have no impact on public safety. The DSAS concluded that the program would have no significant effect on the environment because no physical alteration of the site and facilities already in place on the site was contemplated. It cannot be said that the DSAS' determination in that regard was unreasonable. We have examined the other points raised and find them to be without merit. Damiani, J. P., Mangano, Thompson and O'Connor, JJ., concur.