■ In the Matter of DONALD R. MANES et al., Appellants, v JOHN D. SIMPSON et al., Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to enjoin respondents from commencing a project to expand the New York City Transit Authority's (Authority) Jamaica Rapid Transit Storage Yard until an environmental impact statement (EIS) is submitted by the Authority to the New York State Department of Environmental Conservation (DEC) pursuant to the New York State Environmental Quality Review Act ([SEQRA] ECL art 8), petitioners appeal from a judgment of the Supreme Court, Kings County (Vaccaro, J.), dated October 11, 1983, which dismissed the proceeding.

Judgment affirmed, with costs.

The Authority, as Special Term noted, "reasonably exercised its discretion in issuing a negative declaration that the Jamaica yard expansion would have no significant effect on the environment, thus obviating the need for an EIS" (*see,* ECL 8-0109 [2]). The record amply demonstrates that the Authority "identified the relevant areas of environmental concern, took a 'hard look' at them * * * and made a 'reasoned elaboration' of the basis for its determination" (*H.O.M.E.S. v New York State Urban Dev. Corp.,* 69 AD2d 222, 232; *see also, Matter of United Petroleum Assn. v Williams,* 102 AD2d 491, 493-494; *Matter of Town of Yorktown v New York State Dept. of Mental Hygiene,* 92 AD2d 897, *affd* 59 NY2d 999; *Matter of Cohalan v Carey,* 88 AD2d 77, 79, *lv dismissed* 57 NY2d 602, *appeal dismissed* 57 NY2d 672; *Matter of Flynn v Flacke,* 87 AD2d 930; *Matter of Association for Dev. v Kirkpatrick,* 87 AD2d 934; *Matter of Harlem Val. United Coalition v Hall,* 80 AD2d 851, *affd* 54 NY2d 977). The Authority prepared a detailed "long form" environmental assessment form (EAF) (*see,* 6 NYCRR 617.19 [a]), which identified and took a "hard look" at the relevant areas of environmental concern raised by petitioners, including the impact of the soil-stabilization phase of the project on the aquifer supplying potable drinking water underlying the site, as well as on the nearby wetlands and Willow Lake. The studies and documentation supporting the EAF prepared by the consulting firm retained by the Authority substantiated the conclusion that the soil-stabilization phase, including the drilling of sand drains, would not introduce contaminants into the aquifer, nor adversely affect the quality of the water in the aquifer and neighboring Willow Lake. The documentation attached to the EAF prepared by the Authority described, in detail, the measures incorporated into the project to mitigate any significant adverse impact on the environment. These mitigating measures include a barrier of at least five feet between the sand drains and the aquifer, including a relatively impermeable layer of peat, and a gabion wall around the project site to protect Willow Lake and the nearby wetlands from erosion, runoff and siltation during the construction phase. Therefore, the Authority was justified in concluding in the EAF that "[a]lthough the project could have a significant effect on the environment, there will not be a significant effect in this case because the mitigation measures described in Part 3 have been included as part of the proposed project" (*see,* 6 NYCRR 617.19 [a]; *Matter of United Petroleum Assn. v Williams,* 102 AD2d 491, 492-493, *supra*). Additionally, the Authority suspended work on the project from January 1983 until July 1983, in order to allow petitioners to prepare their own environmental review and to have another consulting firm prepare a supplemental report

designed to respond in greater detail to the inquiries and concerns expressed by petitioners and other community groups and governmental agencies, rather than to correct any weaknesses in the original EAF.

There is no merit to petitioners' contention that the Justice at Special Term committed reversible error when he engaged in correspondence with DEC concerning the highly technical issues involved in the instant proceeding, resulting in a letter from DEC, dated September 30, 1983, which he considered in rendering his decision on the matter, because the evidence on the record was sufficient to uphold the Authority's negative declaration (cf. *Palmer v Wright & Kremers,* 62 AD2d 1170; *Levy v Levy,* 53 AD2d 833, *lv denied* 40 NY2d 808; *Fabrikant v Seley,* 49 AD2d 861, *appeal denied* 39 NY2d 705).

We have considered the remaining contentions of the parties and find them to be without merit. Titone, J. P., Mangano, Bracken and Niehoff, JJ., concur.