■ In the Matter of MAIN SENECA CORPORATION, Appellant, v ERIE COUNTY INDUSTRIAL DEVELOPMENT AGENCY et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: Petitioner, the owner of office buildings situated immediately west of the future site of a sports stadium complex in the City of Buffalo, seeks, *inter alia,* to annul and reverse the determination of respondent agencies to commence construction of the complex and to enjoin such construction until completion of construction of two parking ramps designed to replace existing on-site parking spaces. Petitioner contends that the procedural and substantive requirements of ECL article 8 (SEQRA) have not been met; that the environmental impact statement specifically required that the parking ramps be completed before commencement of stadium construction; and that supplemental environmental impact statements are required with respect to the parking replacement plan and the wind impact study, both of which were finalized after completion of the environmental impact statement.

We first note that Special Term erroneously concluded that the petition is time barred by the applicable four-month Statute of Limitations (CPLR 217). The determination under review did not become final and binding until the State Urban Development Corporation had approved the project and the necessary intergovernmental agreements were executed *(see, Matter of City of Schenectady v Flacke,* 100 AD2d 349, *lv denied* 63 NY2d 603; *Matter of Town of Yorktown v New York State Dept. of Mental Hygiene,* 92 AD2d 897, *affd* 59 NY2d 999; *Matter of Save the Pine Bush v Planning Bd.,* 83 AD2d 741). Those events occurred between March 25, 1986 and June 2, 1986, and it was only then that respondents became obligated to proceed with the project. It follows that this proceeding, commenced on July 9, 1986, is timely.

Nevertheless, we agree with Special Term that there is no merit to any of petitioner's contentions. An adequate written statement of findings as required by ECL 8-0109 and 6 NYCRR 617.9 was adopted by both respondents prior to the final decision to commence the project. As a mitigation measure, the environmental impact statement provides for construction of the parking ramps to provide permanent parking in replacement of those spaces lost by construction of the stadium. The statement also considered temporary parking

displacement during construction and reasonably concluded that minor, unavoidable adverse effects would result. "SEQRA requires an agency 'to list ways in which any adverse effects * * * might be minimized' (ECL 8-0109 [2]), but it does not require an agency to impose every conceivable mitigation measure, or any particular one" *(Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 421-422). Despite petitioner's claim to the contrary, no mitigation measure is found in the environmental impact statement concerning temporary parking displacement during construction, and petitioner has no right to the measure it now claims. More-over, since the statement adequately addresses the impact of stadium construction upon parking, there is no need for a supplemental environmental impact statement on that sub-ject.

Finally, we conclude that respondents took the hard look at wind effects as required by SEQRA and reasonably found that the repositioning of the stadium caused no significant effect. Thus, a supplemental environmental impact statement was not required *(Matter of Jackson v New York State Urban Dev. Corp., supra,* pp 429-430). (Appeal from judgment of Supreme Court, Erie County, Ostrowski, J.—art 78.) Present—Dillon, P. J., Denman, Boomer, Pine and Balio, JJ.