■ STEVEN VANDERWOUDE, Respondent, v POST/ROCKLAND ASSOCIATES et al., Appellants, et al., Defendants.—In an action, *inter alia,* for a judgment declaring certain amendments to section 421 of the Zoning Ordinance of the Village of Mamaroneck to be invalid, the defendants Post/Rockland Associates and Harborview Housing Associates appeal from so much of an order of the Supreme Court, Westchester County (Buell, J.), dated December 17, 1985, as (1) denied those branches of their motion which were to dismiss the first, fourth and fifth causes of action asserted in the complaint, and (2) granted the plaintiff's application for leave to replead his second cause of action.

Ordered that the order is modified, on the law, by (1) deleting from the second decretal paragraph thereof the words "second and third", and substituting the words "first, second, third and fourth", (2) deleting from the third decretal paragraph thereof the words "first, fourth and fifth causes of action" and substituting therefor the words "fifth cause of action", and (3) adding to the fourth decretal paragraph, after the words "second cause of action", the words "as against the Board of Trustees of the Village of Mamaroneck and the

Village of Mamaroneck only". As so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In September 1985 the plaintiff commenced this action for injunctive and declaratory relief based upon allegations that Local Laws, 1984, Nos. 22 and 24 of the Village of Mamaroneck, enacted in October 1984, which amended section 421 of the Zoning Ordinance of the Village of Mamaroneck, were invalid. Those Local Laws changed the zoning of the property upon which the appellants seek to construct a condominium development from a commercial (C-1) district to a multifamily residence (RM-2) district, and modified the Zoning Ordinance provisions pertaining to RM-2 districts. In his complaint, the plaintiff alleged, inter alia, violations of Village Law § 7-706, the State Environmental Quality Review Act (ECL art 8, hereinafter SEQRA), and the setback provisions of the Zoning Ordinance as amended. The appellants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5), and (7) on the grounds that the causes of action asserted in the complaint are barred by documentary evidence, the Statute of Limitations, the plaintiff's lack of standing, and the failure of the complaint to state a cause of action, and they appeal from that portion of the order which denied their motion with respect to the first, fourth and fifth causes of action and permitted the plaintiff to replead the second cause of action asserted in the complaint.

After this appeal was filed, the plaintiff filed two amended complaints, the contents of which we hereby take judicial notice. The first amended complaint differs from the complaint under consideration here only in that the second cause of action was repleaded. In the second amended complaint, the respondent added a sixth cause of action which is not the subject of this appeal. The plaintiff contends that the filing of these amended complaints has rendered this appeal moot. We disagree. Clearly the filing of the first amended complaint has not mooted this appeal to the extent that it is from so much of the order as afforded the plaintiff permission to file that pleading by granting his request to replead the second cause of action. As to the remainder of the appeal, while it is true that the pleading before this court has been superseded by the amended complaints, the relevant portions of the amended complaints are identical to those contained in the pleading under consideration at bar. Although this court cannot issue an order immediately affecting the amended pleadings, our order will become the law of the case with respect to those

pleadings. Since the rights of the parties will be directly affected by the determination of this appeal, it has not been rendered moot (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707).

Turning to the merits of this appeal, in his first cause of action, the plaintiff alleged that the notice provisions of Village Law § 7-706 were not complied with prior to the enactment of Local Laws, 1984, Nos. 22 and 24 of the Village of Mamaroneck, in that the Local Laws as enacted were substantially different from the Local Laws as discussed at the public hearing before the village Board of Trustees. Thus, a new hearing was required before the Local Laws, as altered, could become effective. Although these allegations, if true, are sufficient to state a cause of action, when evidentiary material is submitted on a motion to dismiss for failure to state a cause of action, the issue becomes whether the nonmoving party has a cause of action, not whether he has stated one (see, Guggenheimer v Ginzburg, 43 NY2d 268, 275; Kaufman v International Business Machs. Corp., 97 AD2d 925, affd 61 NY2d 930). The appellants offered uncontested evidence establishing that the law as enacted was substantially the same as the law as described in the notice of public hearing and as discussed at the public hearing before the village Board of Trustees. The substantial change in the amendment to the Zoning Ordinance at issue here occurred not when the amendment was enacted, but when the amendment was applied to the appellants. The plaintiff's remedy, then, was not to assert a cause of action alleging a violation of the Village Law, but instead was to bring a proceeding pursuant to CPLR article 78 challenging the village Board's interpretation of the amendment as applied to the appellants. Thus, the plaintiff does not possess a cause of action based upon an alleged violation of the notice provisions of the Village Law, and the first cause of action should have been dismissed.

As to the second cause of action, in which the plaintiff alleged that the village Board failed to issue a declaration of environmental significance or nonsignificance prior to amending the Zoning Ordinance, an action based upon noncompliance with SEQRA is governed by the four-month Statute of Limitations contained in CPLR 217 (see, Matter of Town of Yorktown v New York State Dept. of Mental Hygiene, 92 AD2d 897, affd 59 NY2d 999; Matter of State of New York Northeastern Queens Nature & Historical Preserve Commn. v Flacke, 89 AD2d 928). Since the determination to be reviewed became final and binding on October 29, 1984, this cause of action,

asserted in September 1985, was untimely. The court's reliance on *Matter of Town of Yorktown v New York State Dept. of Mental Hygiene (supra),* was misplaced. In that case, this court held that a determination of environmental nonsignificance was merely a preliminary step in the agency's decision-making process, and did not become final and binding until the agency issued the certificate of approval for the project at issue. Here, the final and binding determination occurred when the village Board approved the Zoning Ordinance amendments and those amendments became effective, which was in October 1984. Thus, the court should have dismissed the second cause of action as time barred. In any event, the plaintiff's request to replead the second cause of action, in light of his failure to alleged any matters of environmental concern, should have been denied, since the plaintiff failed to allege "good ground" to support his cause of action *(see,* CPLR 3211 [e]).

Similarly, the court erred in failing to dismiss the fourth cause of action, as it was based upon the same allegations used to support the first and second causes of action, but sought different relief.

The fifth cause of action is based upon an alleged violation of the setback provisions of the Zoning Ordinance as amended, and states a valid cause of action. While the appellants' contention that the plaintiff has misinterpreted those provisions may be sufficient to support a motion for summary judgment, the appellants are not entitled to dismissal of the cause of action on that basis.

We have considered the remaining contentions of the parties and find them to be without merit. Thompson, J. P., Niehoff, Kunzeman and Harwood, JJ., concur.