■ CITIZENS FOR ENVIRONMENTAL SAFETY, by its President, PHYLLIS HAWKES, et al., Appellants, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents. (Appeal No. 1.)—Judgment unanimously affirmed without costs. Memorandum: Special Term correctly denied petitioners' consolidated CPLR article 78 petition seeking to annul the Department of Environmental Conservation's (DEC) issuance of well-drilling and freshwater wetlands permits to Niachlor and Texas Brine Corporation. These permits were issued as part of the Niachlor Project involving the construction of a chlorine and caustic production facility in Niagara Falls and the development of a 680-acre brinefield in the Town of Middlebury, Wyoming County. The brine is to be transported through a 60-mile pipeline for processing at the facility.

On March 4, 1986 petitioners' initial petition sought to annul DEC's issuance of well-drilling permits based on its failure both procedurally and substantively to comply with the State Environment Quality Review Act (SEQRA). DEC gave notice of completion of the final environmental impact statement for the Niachlor Project in the Environmental News Bulletin on October 2, 1985, and on October 7, 1985 issued a SEQRA statement of findings and its decision approving the issuance of a variety of permits for the project. On October 15, 1985 DEC issued 10 permits to construct and certificates to operate source of air contamination and a State pollution discharge elimination system permit.

An article 78 proceeding challenging an agency's failure to follow SEQRA must be commenced within four months of the agency's action (CPLR 217; *Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 203; *Matter of Connell v Town Bd.,* 67 NY2d 896). DEC's final SEQRA decision and its issuance of multiple permits constitute an "action" pursuant to SEQRA *(Matter of Save the Pine Bush v City of Albany, supra; Matter of Town of Yorktown v New York State Dept. of Mental Hygiene,* 92 AD2d 897, *affd* 59 NY2d 999). The petition was not commenced in a timely manner *(Matter of Save the Pine Bush v City of Albany, supra).*

In a subsequent petition dated August 4, 1986 petitioners challenge as arbitrary, capricious and in violation of lawful procedures DEC's issuance of freshwater wetlands permits for the project. From our review of the record, this petition was properly dismissed as DEC's determination had a rational basis and was supported by substantial evidence *(Spears v Berle,* 48 NY2d 254, 261). Further, any claims regarding the

future issuance of freshwater wetlands permits are premature. (Appeal from judgment of Supreme Court, Wyoming County, Sprague, J.—art 78.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.