■ In the Matter of BRIARWOOD COMMUNITY ASSOCIATION et al., Respondents, v CITY OF NEW YORK et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to annul a determination of the respondent Board of Estimate of the City of New York, dated August 19, 1987, which approved a site in Queens County for construction of a facility to house homeless families, the respondents appeal from so much of a judgment of the Supreme Court, Queens County (LeVine, J.), dated June 28, 1988, as granted the petition to the extent of annulling the determination.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the determination is confirmed and the proceeding is dismissed on the merits.

The petitioners, who are residents, business owners and community organizations from Briarwood and Kew Gardens in Queens County, seek, *inter alia,* to annul the resolutions of the Board of Estimate of the City of New York (hereinafter Board of Estimate) approving the proposal of the City of New York Human Resources Administration (hereinafter HRA) to construct a building to house and service 100 homeless families on a vacant lot in Queens. The petitioners claim that there was an inadequate review by the Board of Estimate of the proposed facility's anticipated environmental impact. We disagree.

Judicial review of the adequacy of a governmental agency's compliance with state and local regulations requiring an environmental analysis of its proposed actions and proposals to mitigate any significant adverse effects is limited to ascertaining whether the agency took a "hard look" at the relevant areas of environmental concern *(Kleppe v Sierra Club,* 427 US

390, 410, n 21) and made a "reasoned elaboration" of the basis for its determination *(City of Rochester v United States Postal Serv.,* 541 F2d 967, 973; *see, H.O.M.E.S. v New York State Urban Dev. Corp.,* 69 AD2d 222, 232; *Aldrich v Pattison,* 107 AD2d 258, 265). While the agency must consider ways in which adverse impacts might be minimized, the law "does not require an agency to impose every conceivable mitigation measure" *(Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 421). If the statutory requirements have been satisfied, a court may not substitute its judgment or preference for that of the agency *(see, Matter of Cohalan v Carey,* 88 AD2d 77, 80, *appeal dismissed* 57 NY2d 672).

Our review of the record indicates that the respondents have complied both procedurally and substantively with the regulations promulgated under the State Environmental Quality Review Act (ECL art 8; *see,* 6 NYCRR part 617), the regulations promulgated by the City of New York (Executive Order No. 91, Aug. 24, 1977, entitled City Environmental Quality Review) and the Uniform Land Use Review Procedure of the New York City Charter (New York City Charter § 197-c). The respondents made a thorough analysis and study of the potential adverse environmental impacts of the proposed construction as identified in the declaration of nonsignificance prepared by the co-lead agencies, they held lengthy and well-attended public hearings at which these impacts were fully addressed, and they made a rational decision to approve the proposal as recommended. The recent Court of Appeals decision in *Matter of Coca-Cola Bottling Co. v Board of Estimate* (72 NY2d 674) is distinguishable in that in this case, the final determination of nonsignificance was made by the Board of Estimate, a responsible agency, after due consideration of the pertinent environmental factors. Brown, J. P., Lawrence, Kooper and Spatt, JJ., concur.