■ ANTHONY J. DEMARCO, JR., P. C., Respondent, v BAY RIDGE CAR WORLD, LTD., Defendant, and AUDI OF AMERICA, INC., Appellant.—In an action to recover damages for fraud and deceptive business practices, the defendant Volkswagen of America, Inc., sued herein as Audi of America, Inc., appeals from so much of an order of the Supreme Court, Richmond County (Amann, J.), dated June 8, 1989, as denied its motion to dismiss the complaint insofar as it is asserted against it for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

On November 12, 1988, the plaintiff contracted with the defendant Bay Ridge Car World, Ltd., to purchase a 1989 Audi 200 Turbo automobile for $35,296.63. The vehicle was delivered to the plaintiff on January 18, 1989. On January 25, 1989, the plaintiff received a letter from the appellant, informing him that the car was being recalled because "Audi has found that the fuel system's injector seals may harden due to high temperature and alcohol in some fuels". The letter further explained that this potential defect could result in fuel

dripping onto hot engine components and ultimately "without warning cause an engine compartment fire". This action followed. The plaintiff contends that the defendants fraudulently concealed the fact that the vehicle was subject to a recall prior to its sale and delivery to him. The plaintiff also alleges deceptive business practices.

Subsequent to the filing of the notice of appeal, the plaintiff served an amended complaint of which we take judicial notice. The amended complaint adds new parties and alleges a third cause of action for "revocation" against the defendant Bay Ridge Car World, Ltd. However, it does not substantively alter the existing causes of action to recover damages for fraud and deceptive business practices under General Business Law § 349 (h). Therefore, we reject the plaintiff's contention that service of the amended complaint rendered this appeal moot, since the rights of the parties will be directly affected by the outcome of this appeal (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707; Vanderwoude v Post/Rockland Assocs., 130 AD2d 739).

Turning to the merits, we find that the plaintiff has alleged the essential material facts in sufficient detail to clearly inform the defendant of the incidents complained of (see, Lanzi v Brooks, 43 NY2d 778). Moreover, where, as here, the circumstances constituting the fraud are peculiarly within the knowledge of the party moving for dismissal, the nonmoving party should be afforded the opportunity to complete discovery (see, Jered Contr. Corp. v New York City Tr. Auth., 22 NY2d 187).

The appellant contends that General Business Law § 349 (d) affords a complete defense to the plaintiff's cause of action to recover damages for deceptive business practices, because the recall notice was issued in compliance with Federal law. Contrary to the appellant's contention, the alleged deceptive conduct was the failure to disclose the material fact that the subject vehicle was susceptible to engine compartment fires and, therefore, subject to recall, not the mere issuance of the recall notice itself. Therefore, General Business Law § 349 (d) is inapplicable to the present case.

We have reviewed the appellant's remaining contentions and find them to be without merit. Brown, J. P., Harwood, Miller and Ritter, JJ., concur.