■ EDP HOSPITAL COMPUTER SYSTEMS, INC., Appellant, v BRONX-LEBANON HOSPITAL CENTER et al., Respondents. [622 NYS2d 557] —In an action, *inter alia,* to recover damages for

tortious interference with contract, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated December 10, 1992, as (1) granted the branch of the motion by the defendant Keane Inc., which was to dismiss the fifth cause of action asserted in the verified complaint, (2) granted the branch of the cross motion of the defendants David Bernstein and Comhill Inc., which was to dismiss the third and fourth causes of action asserted in the verified complaint, and (3) dismissed the amended verified complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the filing of the amended verified complaint did not render the defendants' motion to dismiss the original verified complaint academic, because the amended verified complaint did not substantively alter the third, fourth, or fifth causes of action (see, Anthony J. Demarco, Jr., P. C. v Bay Ridge Car World, 169 AD2d 808, 809; see also, Vanderwoude v Post/Rockland Assocs., 130 AD2d 739, 740-741; cf., Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715).

The plaintiff failed to state either a cause of action for tortious interference with an existing contract in the original and amended verified complaint, or tortious interference with a prospective contract in the amended verified complaint. "To prevail on a claim for tortious interference with contractual or prospective contractual relations, a party must show that the alleged tort-feasor wrongfully interfered with the contract for the sole purpose of harming the plaintiff, or that he committed independent torts or predatory acts towards the third party" (Lerman v Medical Assocs., 160 AD2d 838, 839; see also, Jurlique, Inc. v Austral Biolab Pty., 187 AD2d 637, PPX Enters. v Audiofidelity Enters., 818 F2d 266). The plaintiff failed to allege sufficient facts to plead such wrongful conduct. Therefore, his contentions regarding tortious interference with contract were properly dismissed for failure to state a cause of action. Rosenblatt, J. P., Miller, Santucci and Florio, JJ., concur.