■ Corey A. Kupersmith, Appellant, v Winged Foot Golf Club, Inc., et al., Respondents. [832 NYS2d 675]—In an action, inter alia, to recover damages for breach of contract, the plaintiff

appeals (1) from an order of the Supreme Court, Westchester County (Rudolph, J.), entered September 27, 2005, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7); (2) from a judgment of the same court dated October 18, 2005, which, upon the order, is in favor of the defendants and against him dismissing the complaint; and (3), as limited by his brief, from so much of an order of the same court entered February 22, 2006, as, upon renewal and reargument, adhered to the original determination in the order entered September 27, 2005, and denied that branch of his motion which was for recusal.

Ordered that the appeal from the order entered September 27, 2005 is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the order entered February 22, 2006 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order entered September 27, 2005 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In reviewing a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint for failure to state a cause of action, the facts as alleged in the complaint must be accepted as true, the plaintiff is accorded the benefit of every possible favorable inference, and the court's function is to determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Board of Educ. of City School Dist. of City of New Rochelle v County of Westchester*, 282 AD2d 561, 562 [2001]). However, bare legal conclusions are not presumed to be true and are not accorded every favorable inference (*see McKenzie v Meridian Capital Group, LLC*, 35 AD3d 676 [2006]). On a motion to dismiss pursuant to CPLR 3211 (a) (1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law (*see Leon v Martinez, supra* at 87-88; *Williams v Williams*, 36 AD3d 693 [2007]; *New York Community Bank v Snug Harbor Sq. Venture*, 299 AD2d 329, 329-330 [2002]).

Here, the defendants submitted documentary evidence which conclusively established defenses to the plaintiff's claims alleg-

ing a contract between the defendant Winged Foot Golf Club, Inc., and the plaintiff. Further, the Supreme Court correctly determined that the complaint failed to set forth a cause of action to recover damages for any of the remaining asserted claims.

Moreover, the record does not support a finding that any of the statutory disqualifications set forth in Judiciary Law § 14 are applicable (*see Matter of New York State Assn. of Criminal Defense Lawyers v Kaye*, 95 NY2d 556, 561 [2000]). Absent a legal disqualification under Judiciary Law § 14, a court is the sole arbiter of its recusal (*see People v Moreno*, 70 NY2d 403, 405 [1987]). Here, the plaintiff failed to set forth any proof of bias or prejudice (*see Tornheim v Tornheim*, 28 AD3d 534, 535 [2006]; *Modica v Modica*, 15 AD3d 635, 636 [2005]; *Colella v Colella*, 11 AD3d 576 [2004]). Therefore, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for recusal. Rivera, J.P., Ritter, Goldstein and Angiolillo, JJ., concur.