Grant v DiFeo (2018 NY Slip Op 06886)





Grant v DiFeo


2018 NY Slip Op 06886


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2015-10805
 (Index No. 604841/14)

[*1]Jonathan Grant, etc., et al., respondents, 
v
Agostino A. DiFeo, et al., appellants, et al., defendant.


Archer & Greiner, P.C., New York, NY (Patrick Papalia and LisaAnne R. Biocchi of counsel), for appellant Agostino A. DiFeo.
Speyer & Perlberg, LLP, Melville, NY (Dennis M. Perlberg and Thomas E. Scott of counsel), for appellant Luciano Caferra.
Abrams, Fensterman, Fensterman, Eisman, Formato & Wolf, LLP, Lake Success, NY (Howard Fensterman and John S. Cahalan of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Agostino A. DiFeo and Luciano Caferra separately appeal from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered October 7, 2015. The order, insofar as appealed from by the defendant Agostino A. DiFeo, granted that branch of the plaintiffs' motion which was for leave to reargue their opposition to that branch of his motion, made jointly with the defendant Chrysler Jeep of White Plains, Inc., which was to dismiss the first and seventh causes of action in the amended complaint insofar as asserted against him, and thereupon, vacated the determination in an order of the same court entered June 3, 2015, granting that branch of the prior motion, and denied that branch of the prior motion. The order, insofar as appealed from by the defendant Luciano Caferra, upon reargument, vacated the determination in the order entered June 3, 2015, granting that branch of his prior motion which was to dismiss the first cause of action in the amended complaint insofar as asserted against him, and thereupon, denied that branch of his prior motion.
ORDERED that the order entered October 7, 2015, is affirmed insofar as appealed from, with one bill of costs.
Jonathan Grant, Agostino A. DiFeo, and Luciano Caferra were business partners. In 2013, they entered into an agreement wherein Grant would sell part of his interest in Chrysler Jeep of White Plains, Inc. (hereinafter Chrysler Jeep), to DiFeo and Caferra in exchange for their interests in Hyundai of White Plains, LLC. Subsequently, Grant and Hyundai of White Plains, LLC, commenced this action against DiFeo, Caferra, and Chrysler Jeep, alleging various causes of action. DiFeo and Chrysler Jeep moved, inter alia, pursuant to CPLR 3211(a) to dismiss the first cause of action, which sought rescission based on fraud, and the seventh cause of action, which alleged breach of fiduciary duty, insofar as asserted against DiFeo. Caferra separately moved, inter alia, pursuant to CPLR 3211(a) to dismiss the first cause of action insofar as asserted against him. In an order entered June 3, 2015, the Supreme Court, inter alia, granted those branches of the motions which sought dismissal of the first and seventh causes of action insofar as asserted against DiFeo and [*2]Caferra.
Thereafter, the plaintiffs moved, inter alia, for leave to reargue their opposition to the defendants' motions to dismiss. In an order entered October 7, 2015, the Supreme Court granted reargument, and thereupon, vacated the determination in the order entered June 3, 2015, granting the subject branches of DiFeo's and Caferra's motions, and denied that branch of DiFeo's motion which was to dismiss the first and seventh causes of action insofar as asserted against him and that branch of Caferra's motion which was to dismiss the first cause of action insofar as asserted against him. DiFeo and Caferra separately appeal from the order made upon reargument.
Subsequent to the filing of the notices of appeal, the plaintiffs were granted leave to serve a second amended complaint. The second amended complaint adds new causes of action; however, it does not substantively alter the existing causes of action in the amended complaint for either rescission based upon fraud or breach of fiduciary duty. Therefore, we reject the plaintiffs' contention that service of the second amended complaint renders this appeal academic, since the rights of the parties will be directly affected by the outcome of this appeal (see EDP Hosp. Computer Sys., Inc. v Bronx-Lebanon Hosp. Ctr., 212 AD2d 570, 571; Anthony J. Demarco, Jr., P.C. v Bay Ridge Car World, 169 AD2d 808, 809; Vanderwoude v Post/Rockland Assoc., 130 AD2d 739, 740-741).
Turning to the merits of these appeals, in reviewing a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the facts as alleged in the complaint must be accepted as true, the plaintiff is accorded the benefit of every possible favorable inference, and the court's function is to determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88; Kupersmith v Winged Foot Golf Club, Inc., 38 AD3d 847, 848). However, bare legal conclusions are not presumed to be true and are not accorded every favorable inference (see Kupersmith v Winged Foot Golf Club, Inc., 38 AD3d at 848). On a motion to dismiss pursuant to CPLR 3211(a)(1), dismissal is warranted only if the documentary evidence utterly refutes the plaintiffs' factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d at 87-88; Kupersmith v Winged Foot Golf Club, Inc., 38 AD3d at 848).
The plaintiffs adequately pleaded facts to support both a cause of action for rescission based on fraud as well as a cause of action alleging breach of fiduciary duty. Further, the documentary evidence did not conclusively establish, as a matter of law, a defense to those two causes of action. DiFeo's remaining contention is without merit. Accordingly, we agree with the Supreme Court's determination, upon reargument, inter alia, to deny that branch of DiFeo's motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the first and seventh causes of action insofar as asserted against him and to deny that branch of Caferra's motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the first cause of action insofar as asserted against him.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court