NICHOLAS BERTINI and Others, Suing on Behalf of Themselves Individually, and for the Benefit of All Other Persons or Corporations in the Business of Selling Ice in Rockaway Beach, Borough and County of Queens, Who May Seek to Come in and Contribute to the Expense of This Action, Appellants, v. JOHN R. MURRAY, Doing Business under the Firm Name and Style of JOHN R. MURRAY & SON, MURAND ICE MANUFACTURING CO., INC., KNICKERBOCKER ICE CO., ICE REFRIGERATION CORPORATION and RUBEL CORPORATION, Respondents.— Action

under the State anti-trust statute (Gen. Business Law, § 340), and section 580 of the Penal Law for an injunction and for damages. Judgment in favor of defendants on the merits modified on the law and the facts by striking out the decretal paragraph and by substituting in place thereof decretal paragraphs providing: (1) for judgment in favor of defendants John R. Murray, doing business under the firm name and style of John R. Murray & Son, and Murand Ice Manufacturing Co., Inc., on the merits, without costs; (2) for an injunction in favor of plaintiffs against defendants Ice Refrigeration Corporation, Rubel Corporation and Knickerbocker Ice Co., restraining them from refusing to sell ice to plaintiffs at any of their platforms except at prices higher than those available to other loaders; and (3) for remission of the case to Special Term for trial of the issue of damages to plaintiffs, if any. As thus modified, the judgment is unanimously affirmed,, with costs to appellants, payable by defendants Ice Refrigeration Corporation, Knickerbocker Ice Co. and Rubel Corporation. We find that defendants Ice Refrigeration Corporation, Knickerbocker Ice Co. and Rubel Corporation refused to sell ice at their platforms to plaintiffs upon the same terms as they were selling to other loaders, the reason being that the plaintiffs were customers of defendants John R. Murray & Son and Murand Ice Manufacturing Co., Inc., and that defendants Murray and Murand were in turn customers of the other defendants. The refusal was in furtherance of an arrangement between the aforesaid three defendants to restrain or prevent the free exercise of marketing and selling of ice in Rockaway Beach. The court does not deem it necessary to pass upon the validity of the contracts entered into between the defendants Ice Refrigeration Corporation, Rubel Corporation and Knickerbocker Ice Co., although their existence has been considered as a factual element. The evidence does not disclose that defendants John R. Murray & Son and Murand Ice Manufacturing Co., Inc., violated the statutes in selling at prices made by them or in selling to consumers; and there is no evidence that these defendants refused to sell ice to plaintiffs. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ. Settle order on notice.