DAWN TO DUSK, LTD., Respondent, v. FRANK BRUNCKHORST Co. et al., Appellants, et al., Defendant.— In an action to recover damages based on an alleged violation by the defendants of section 340 of the General Business Law, the defendants Frank Brunckhorst Co. and Boar's Head Provision Co., Inc., appeal from an order of the Supreme Court, Suffolk County, entered

September 9, 1964, which denied their motion to dismiss the complaint on the ground that it fails to state a cause of action as to them (CPLR 3211, subd. [a], par. 7). Order reversed, with $10 costs and disbursements; motion of the said defendants to dismiss the complaint as to them granted; and complaint dismissed as to said defendants, with leave to plaintiff, if so advised, to serve an amended complaint within 30 days after entry of the order hereon. The three defendants are, respectively, Boar's Head Provision Co., Inc., a manufacturer of processed meats; Frank Brunckhorst Co., the manufacturer's exclusive distributor; and Andrew Vaccaro, a jobber who is the exclusive subdistributor of the manufacturer's products within a designated geographical area. Thus, the relationship among the three defendants is a vertical one. The complaint alleges that these three defendants, among themselves, agreed that none of them would sell a certain product of the manufacturer to the plaintiff or to any person or firm who would furnish the same to plaintiff. The complaint further alleges that the defendant jobber Vaccaro advised plaintiff that it could purchase the product from him " at a stipulated price " and " only if the plaintiff dealt solely through" him as the jobber. Not every agreement or combination which is in restraint of trade is proscribed by the statute (General Business Law, § 340). The criterion is whether the restraint is unreasonable (*New York Bank Note Co.* v. *Hamilton Bank Note Co.,* 180 N. Y. 280, 293; *Barns* v. *Dairymen's League Co-op. Assn.,* 220 App. Div. 624, 640; *New York Clothing Mfrs. Exch.* v. *Textile Finishers Assn.,* 238 App. Div. 444, 451; *Larido Corp.* v. *Crusader Mfg. Co.,* 4 Misc 2d 231, 236; *Hickok Mfg. Co.* v. *Fairley Trading Corp.,* 117 N. Y. S. 2d 874; *Dougherty* v. *Rockaway Operating Co.,* 163 Misc. 806, 812; 37 N. Y. Jur., Monopolies, §§ 9–11). An agreement or arrangement among parties in a vertical relationship, which restricts the territory within which the buyer, here the defendant jobber Vaccaro, may resell the goods in question does not violate section 340 of the General Business Law (see *Stemmerman* v. *Kelly,* 150 App. Div. 735; *Revlon Prods. Corp.* v. *Bernstein,* 204 Misc. 80; *Liedermann* v. *Voco,* 73 N. Y. S. 2d 462; 8 N. Y. Contracts Law, § 2910; 36 Am. Jur., Monopolies, § 33 [Supp.]). Nor is it violative of the statute because it fixes the jobber's price to his customers and prohibits the distribution of the goods to any dealers who would resell the goods to plaintiff (*Marsich* v. *Eastman Kodak Co.,* 244 App. Div. 295, 296, affd. 269 N. Y. 621; *Port Chester Wine & Liq. Shop* v. *Miller Bros. Fruiterers,* 253 App. Div. 188, 194). Clearly distinguishable are the cases: *Rose & Co.* v. *Unity Stove Co.* (3 A D 2d 829, modfg. 3 Misc 2d 939); *Alexander's Dept. Stores* v. *Ohrbach's* (266 App. Div. 535); *Bertini* v. *Murray* (262 App. Div. 893, affd. 290 N. Y. 754, 758). In the *Rose* and *Alexander* cases the manufacturers and the competitor or competitors of the complaining party had agreed not to sell any goods at all to the latter, under any circumstances, regardless of terms. In *Bertini,* the challenged arrangement was one to divide territorial areas among the parties to the arrangement and to fix prices, but it was a horizontal arrangement among firms all of which were both manufacturers and distributors, and it embraced the total combined output of the single product which all of them manufactured and sold, namely, ice. In the instant case, the arrangement alleged was a " vertical" one as distinguished from a " horizontal" one; it did not preclude the plaintiff from obtaining the manufacturer's products under all circumstances or at any price; and it did not serve to create or to maintain a monopoly or unreasonable restraint of competition in the conduct of any business. Hence, the arrangement alleged did not come within the ban of the statute (General Business Law, § 340). Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.