ALBERT S. KLESTINEC, SR., Plaintiff, v THRUWAY TERMINALS, INC., Respondent and Third-Party Plaintiff-Respondent, and NORFOLK & WESTERN RAILWAY COMPANY, Appellant and Third-Party Plaintiff-Appellant, et al., Third-Party Defendant. Memorandum: Special Term correctly ruled that the contract of indemnification under which Thruway agreed to indemnify Norfolk is limited to Thruway's own negligence. The operative language is in paragraph 9 (b) which, insofar as relevant, covers indemnification for claims from injury to any person caused directly or indirectly by the acts or omissions of the contractor (Thruway), its agents, servants or employees. This must be read with the contrasting language of paragraph 9 (a), which covers indemnification for claims from injury to Thruway agents, servants or employees, and explicitly provides that it applies whether injury is caused directly or indirectly by the negli-

gence of Norfolk, its agents, servants or employees, or otherwise. The interpretation of a contract which makes every part effective and which gives meaning to every provision is favored (22 NY Jur 2d, Contracts, § 221). (Appeal from order of Supreme Court, Ontario County, Kennedy, J.—partial summary judgment.) Present—Denman, J. P., Boomer, Green, Pine and Balio, JJ.