■ HEIGHTS 75 OWNERS CORP. et al., Respondents, v HAROLD THURMAN et al., Appellants, et al., Defendants.—In an action, *inter alia,* to recover damages for breach of contract and fraud, the defendants Thurman, De Roquancourt, Consalves, Associates 66, 66 Court St. Developers, Inc., 66 Court Management, City Heights, Ltd., Thurcon Properties Ltd., Gorelli and Leidy appeal from an order of the Supreme Court, Kings County (Morton J.), dated July 17, 1986, which granted the plaintiffs' motion for class action certification, defined the class, approved the notice of pendency with a designated modification, and ordered that the notice of pendency be forwarded by the plaintiffs via first-class mail to all class members at their last known addresses.

Ordered that the order is affirmed, with costs.

In view of the legislative intent that CPLR article 9 be liberally interpreted and the general policy favoring the maintenance of class actions *(see, Brandon v Chefetz,* 106 AD2d 162, 168; *Friar v Vanguard Holding Corp.,* 78 AD2d 83, 91), we conclude that the Supreme Court did not abuse its discretion in permitting the subject action to be maintained as a class action *(see, Matter of Froehlich v Toia,* 71 AD2d 824, *lv denied* 48 NY2d 611). In light of the facts that the class as defined includes former shareholders who have since resold their apartments and no longer retain a vote in corporate affairs and that the sponsoring defendants continue to retain a substantial interest in the plaintiff cooperative apartment corporation, the proposed class action is superior to other available methods, such as an action solely by the plaintiff corporation, for the fair and efficient adjudication of the controversy (CPLR 901 [a] [5]). Mangano, J. P., Weinstein, Kooper and Harwood, JJ., concur.