OPINION OF THE COURT
David Goldstein, J.
Motion by plaintiff for an order, pursuant to CPLR 3211 (b), dismissing the affirmative defenses in the answer is granted only as to defendants Norman e Breitstein and Heitner & Breitstein, a general partnership.
Although the court had previously directed a traverse on the jurisdictional defense, a hearing is unnecessary since it *431 appears the partnership and the individual defendant Breitstein were properly served by service of process upon one of the partners (CPLR 310). Neither has appeared to challenge the sufficiency of such service. Nor is there any real dispute that defendant Herbert Heitner was not served so as to acquire personal jurisdiction over him in his individual capacity. In recognition of this, upon the return date, plaintiff has conceded that Heitner had not been served and sought leave to discontinue the action against him, which application is granted. The order to be settled hereon shall include appropriate provision amending the caption to reflect the discontinuance.
Review of the record on the motion also establishes that the remaining affirmative defenses, namely, (1) payment; (2) plaintiff is not authorized to do business in the State; and (3) plaintiff has named the wrong party defendant, all lack merit. The only opposition offered is the affirmation of Herbert Heitner, which, notwithstanding that it should have been in the form of an affidavit, not an affirmation (CPLR 2106), fails to raise a genuine triable issue. First, no proof has been offered to establish that the claim was paid. The general denial and statement that "justified bills” have been paid are insufficient for that purpose. Secondly, the submission of a certificate from the Secretary of State attests to plaintiff’s authority to do business in the State, sufficient to show that the second affirmative defense is without basis. Equally merit-less is the third defense that a wrong party defendant has been named in the action. There is no claim by the individuals that they are not general partners of defendant law firm.
Thus, each of the affirmative defenses is without merit and, plainly, should not have been interposed in the answer. Accordingly, the affirmative defenses are stricken. Bearing in mind defendants’ status as a law firm, with a degree of expertise expected of those in the practice of law, in my view, it was clearly frivolous on defendants’ part to inject these issues into the litigation. That action necessitated this motion, which required four court appearances and consideration of the issue by two Judges of this court, in addition to the expenditure of time by court personnel in terms of record keeping and scheduling the several adjournments of the motion. As a result, it is concluded that imposition of costs is warranted here as a remedy for defendants’ frivolous conduct. *432 In accordance with the authority afforded to the court by 22 NYCRR 130.1 et seq., within 10 days after service of the order to be settled hereon, defendant partnership shall pay to plaintiff’s attorneys the sum of $400, an amount which the court finds is sufficient in terms of the time to prepare the motion and the several court appearances which were required.