■ CCS COMMUNICATION CONTROL, INC., Plaintiff, v KELLY INTERNATIONAL FORWARDING Co. et al., Respondents. LEHRMAN, KRONICK & LEHRMAN, Appellant.—Order, Supreme Court, New York County (Myriam Altman, J.), entered on or about March 29, 1990, which dismissed the action with prejudice unless plaintiff's counsel personally pays sanctions in the amount of $2,500 each to the respective attorneys for defendants Kelly International Forwarding Co. and Washington International Insurance Co., unanimously affirmed, with costs and disbursements.

This action was commenced by CCS Communication Control, Inc. in 1981 to reform a contract between it and defendant-respondent Kelly International Forwarding Co. so as to reflect the actual understanding of the parties and extend the insurance coverage which, pursuant to the agreement, Kelly had obtained through its carrier, defendant-respondent Washington International Insurance Co., from the place of shipment to the point of receipt by Mercury Air Freight Ltd. The goods in question had been received and stored in Mercury's airport warehouse where they were stolen.

Between 1981 and 1986, three different attorneys represented plaintiff during which time depositions and discovery were conducted. The present attorney, Lehrman, was substituted in 1986. In January 1989, a conference was held and the court insisted that the case be noticed for trial. A calendar number was purchased by CCS on March 30, 1989 and the case was on the Trial Calendar until November 20, 1989 when trial commenced before Justice Altman with the president of

CCS testifying. During the course of the direct case, the court excluded certain evidence which CCS attempted to introduce to prove the actual loss of the goods, and suggested that Lehrman, counsel for CCS, secure letters rogatory to either take depositions of witnesses in London or proceed by written questions pursuant to CPLR 3109. The court suggested that CCS proceed by order to show cause and adjourned the case to December 18, 1989. Thereafter, at CCS' request, the case was again adjourned to February 21, 1990. It was not until January 18, 1990 that CCS submitted a proposed order for letters rogatory which order was signed that day by Justice Altman and filed with the clerk. Lehrman did not inquire about the order, a copy of which was obtained by Lehrman when he next appeared on February 15, 1990. On March 13, 1990, Lehrman served counsel for Kelly with a copy of the order and proposed direct interrogatories and on March 19, 1990, Washington was likewise served. Immediately thereafter, Washington served its objections to the interrogatories and Kelly served its cross interrogatories. When CCS requested a further adjournment on March 27, 1990, counsel for both Kelly and Washington refused. Having been informed of the situation, the court directed the parties to appear for trial on March 28, 1990. On that date, an associate of the Lehrman firm appeared for the sole purpose of obtaining an adjournment. After a lengthy conference, the court concluded that counsel for CCS did not intend to proceed to trial that day, and indicated that it would dismiss the action with prejudice. It was eventually agreed by counsel that the court would agree to return the case to a pretrial status on condition that Lehrman pay the attorneys for Kelly and Washington $2,500 each as sanctions.

A review of the history of this case indicates that the sanctions were warranted. The court had suggested the course of action on November 20, 1989 and counsel did not even move to obtain the letters rogatory until January 18, 1990, some two months later. That counsel was surprised that the court had signed the order immediately upon its submission is no explanation as to why a copy of the order was not sought by Lehrman until February 15, 1990, when he fortuitously obtained it. Further, counsel then did not act until March 27, 1990 to seek another adjournment although defense counsel had submitted opposing questions in a timely manner. In fact, on the adjourned date, Lehrman himself did not appear but sent a young associate to obtain a further adjournment, evidence that counsel had no intention to continue the trial on the adjourned date.

Pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 130-1.1 *et seq.,* the court may assess damages for frivolous conduct. Frivolous conduct is defined pursuant to section 130-1.1 (c) (1) and (2) as conduct "completely without merit in law or fact [which] cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" or conduct which "is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another." Where, as here, the frivolous action of counsel results in improper use of the court's time as well as that of counsel, sanctions were properly assessed *(Gotham Air Conditioning Serv. v Heitner,* 144 Misc 2d 430 [Civ Ct, Queens County 1989]). Concur—Kupferman, J. P., Sullivan, Milonas, Asch and Kassal, JJ.