■ MINDY LEWIS, Individually and on Behalf of All Others Similarly Situated, Appellant, v HERTZ CORPORATION, Respondent.—Order, Supreme Court, New York County (William Davis, J.), entered on June 27, 1991, which granted defendant's motion for partial summary judgment dismissing the first, second, fourth, seventh and ninth causes of action, and denied plaintiff's cross-motion for partial summary judgment on the first, second and third causes of action, unanimously affirmed, without costs or disbursements.

Order of the same court and Justice, entered on October 11, 1991, which denied plaintiff's motion to resettle, modify or clarify the prior order, and imposed sanctions in the amount of $500, unanimously reversed, on the law and the facts, the motion granted to the extent of clarifying that the class certified by this Court in order dated March 11, 1986 is not decertified for the purpose of the third cause of action, and the order of sanctions vacated and otherwise affirmed, without costs or disbursements.

While the consumer practices of the defendant Hertz Corporation may raise serious questions about its business methods, it has managed to stay within the strictures of the law.

In the instant action, plaintiff challenges the defendant automobile rental agency's practice of allowing customers the

options of 1) returning automobiles with a full tank of gasoline or accepting the Optional Refueling Service; 2) of giving customers the option of accepting Collision Damage Waiver insurance; 3) of offering the option of Personal Accident Insurance, and, 4) of imposing an hourly late return charge. A motion to dismiss the complaint was previously granted only as to the fifth, sixth and eighth causes of action, and otherwise denied, in an order affirmed by this Court *(Weinberg v Hertz Corp.,* 105 AD2d 1169 *[Hertz I]).* This Court thereafter reversed Special Term and granted a motion to certify a class (116 AD2d 1, 7, *affd* 69 NY2d 979 *[Hertz II]),* noting that "this court's unanimous rejection of defendant's dismissal motion (105 AD2d 1169) constitutes a determination that actionable claims have been alleged".

In a similar action commenced by another plaintiff against a different automobile rental agency, the complaint was held to have failed to state a cause of action insofar as based on the unconscionability provisions of the Uniform Commercial Code *(Super Glue Corp. v Avis Rent A Car Sys.,* 132 AD2d 604). The defendant was thereafter granted summary judgment on those causes of action based on Agriculture and Markets Law § 192 and General Business Law § 349 *(Super Glue Corp. v Avis Rent A Car Sys.,* 159 AD2d 68, *lv denied* 77 NY2d 801). Based on *Super Glue (supra),* the IAS court herein granted defendant Hertz summary judgment on causes of action based on the Agriculture and Markets Law, the General Business Law, and the Uniform Commercial Code.

The IAS court properly applied the reasoning of *Super Glue (supra)* to the instant case. The defendant herein cannot be said to be a retail seller of gasoline within the meaning of Agriculture and Markets Law § 192 (5), since the automobile rental customer is not making a "purchase" of gasoline that "is actuated solely by a desire to satisfy his own personal wants or those of his family or friends through the personal use of the commodity purchased" *(Wickham v Levine,* 47 Misc 2d 1, 4, *affd* 24 AD2d 1035, *affd* 23 NY2d 923). Nor do any of the challenged business practices violate the prohibition against deceptive business practices under General Business Law § 349, since the record shows that these practices are fully disclosed prior to acceptance of the automobile by the renter *(see, Anthony J. Demarco, Jr., P. C. v Bay Ridge Car World,* 169 AD2d 808). The *Super Glue* court correctly noted that the customer is in a far better position to ascertain comparison with other available insurance options than is the renter (159 AD2d, *supra,* at 71). Those causes of action based

on UCC 2-302, which is merely a codification of the common law doctrine of unconscionability *(Matter of Friedman,* 64 AD2d 70, 84), improperly attempt to use that provision, not as a shield but as a sword for affirmative relief *(see, Avildsen v Prystay,* 171 AD2d 13, 16), and the record contains no evidence of procedural unconscionability, such as high-pressure sales tactics, deceptive language in the rental agreement, or inequality of bargaining power between the parties *(see, Gillman v Chase Manhattan Bank,* 73 NY2d 1, 10-11).

The issue presented by the instant motion and cross-motion was not that of a motion to dismiss under CPLR 3211 (a) (7) for failure to state a cause of action, which merely addresses the sufficiency of pleadings, but a motion for summary judgment pursuant to CPLR 3212, which searches the record and looks to the sufficiency of the underlying evidence *(Tenzer, Greenblatt, Fallon & Kaplan v Capri Jewelry,* 128 AD2d 467).

Nothing in this court's prior determinations at bar or in *Super Glue (supra),* supports the conclusion that this Court certified a class in *Hertz II (supra)* only as to causes of action based on the General Business Law, such that the cause of action for breach of contract is now an individual action. A class action for a claim of breach of contract is entirely cognizable *(see, e.g., Heights 75 Owners Corp. v Thurman,* 134 AD2d 484).

Despite language in the IAS court's memorandum decision which clearly indicates that the class was to be decertified as to the third cause of action, and despite correspondence from defense counsel recognizing its understanding that the class was decertified, there was no language as to decertification in the first order on appeal as entered. Accordingly, the memorandum decision and the order were not consistent, and the subsequent motion for clarification should have been granted to the extent of clarifying whether or not the class was decertified. In any event, for the reasons stated, the class should not have been decertified. For this reason, it cannot be said that the motion leading to the second order on appeal resulted in an improper use of the court's time *(cf., CCS Communication Control v Kelly Intl. Forwarding Co.,* 166 AD2d 173, 175). The summary judgment order is, therefore, clarified to the extent of emphasizing that the class remains certified as to the third cause of action and the imposition of sanctions is vacated. Concur—Milonas, J. P., Ellerin, Ross, Asch and Kassal, JJ.