■ DELAWARE OTSEGO CORPORATION, Appellant, v NIAGARA FIRE INSURANCE COMPANY, Respondent. [596 NYS2d 880] —Yesawich Jr., J. Appeals (1) from an order of the Supreme Court (Ingraham, J.), entered July 8, 1992 in Otsego County, which, *inter alia,* granted defendant's cross motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

Plaintiff, a corporation that owns, runs and maintains railway lines as part of its business, brought this action to compel payment of certain claims pursuant to a comprehensive railroad liability insurance policy issued to it by defendant in early 1988. The policy, for which plaintiff paid a premium of $317,500, provides coverage for claims arising out of any incident which took place after the "first coverage date" of January 1, 1986, and which were presented for payment between January 1, 1988 and January 1, 1989 (the "policy period"). The policy provides for a "retention" (deductible) of $250,000 for each incident.

The claims at issue arose from a May 16, 1987 derailment, the occurrence of which was disclosed to defendant when plaintiff first applied for the liability policy in September 1987. At that time, however, claims attributable to the accident totaled only $44,231.95, well below the deductible amount. It was not until October 1988 that the total amount of claims resulting from the accident exceeded the deductible, and at that time plaintiff filed a notice of loss and sought indemnification pursuant to the terms of the policy. Defendant refused to pay on the basis that the total amount of the claims presented to plaintiff during the policy period was less than the deductible amount. That this is so is undisputed; plaintiff, however, contends that the policy is not limited to claims made against it during the policy period, but rather covers all claims stemming from incidents after the first coverage date which are presented to defendant for payment during the policy period.

In support of its position, defendant cites the following prefatory language in the policy—this language precedes the actual terms and conditions of the policy—contending that it limits coverage to those claims given to the insured during the policy period: "The coverage afforded by this policy is limited

to incidents which commence on or after the first coverage date specified in the declarations and for which any claim is first made against the insured and is reported to the company during the policy period in accordance with the policy provisions." Plaintiff regards this language as ambiguous, particularly when read in the context of the policy as a whole, and argues that coverage was improperly denied because ambiguities are to be resolved in favor of the insured. The facts being undisputed, and the only issue in this declaratory judgment action instituted by plaintiff being that of interpretation of the subject policy, both parties moved for summary judgment. Finding no ambiguity in the language, Supreme Court granted defendant's cross motion and dismissed the complaint. Plaintiff appeals.

Because the quoted language may be parsed in two different, equally logical ways, it is ambiguous on its face. The passage may be read, as plaintiff suggests, as requiring (1) that claims be "first made against the insured" and (2) that they be "reported to the company during the policy period". It could also mean, as defendant maintains, that claims would only be covered if they were *both* "made against the insured" and "reported to the company" during the policy period. Because our examination of the balance of the policy does not enable us to determine what the parties truly intended by this obscure passage, the ambiguity must be resolved in favor of the insured *(see, United States Fid. & Guar. Co. v Annunziata,* 67 NY2d 229, 232).

Here, the remainder of the policy contains at least two provisions which imply that claims made against the insured before the beginning of the policy period may in some instances be covered. The first section of the policy, captioned "INSURING AGREEMENTS" and outlining the basic coverage, states that a claim will be covered only if it is "first made in writing against any Insured on or after the First Coverage Date * * * and then only if notice of such Claim is received by the Company during the Policy Period". This suggests that the initial date from and after which claims made against the insured will be covered is the first coverage date, not the beginning of the policy period. More importantly, in a section of the policy devoted to "EXCLUSIONS", there is a specific exclusion made for claims: "first made against any Insured prior to the effective date of the Policy Period *of which any Insured has given notification to the Company prior to the effective date of the Policy Period and which Claim is treated as having been received by the Company prior to the effective*

*date of the Policy Period"* (emphasis supplied). If coverage was not provided for any claims first made against the insured prior to the policy period, this exclusion would be purposeless, for it excludes only some such claims; thus, as plaintiff urges, it suggests an interpretation of the ambiguous provision which does not foreclose such coverage entirely *(see, Klestinec v Thruway Terms.,* 124 AD2d 988, 989, *lv dismissed* 69 NY2d 822).

Because we cannot say as a matter of law that the language relied upon by defendant has a "definite and precise meaning" *(Breed v Insurance Co.,* 46 NY2d 351, 355), and because the remainder of the contract does not clearly demonstrate that the parties intended the interpretation which benefits the insurer, the ambiguity must be resolved in favor of the insured.

Weiss, P. J., Mikoll, Levine and Crew III, JJ., concur. Ordered that the order and judgment are reversed, on the law, with costs, cross motion denied, motion granted, summary judgment is awarded to plaintiff, it is declared that the claims made against plaintiff arising out of the May 16, 1987 derailment are covered by the subject policy and matter remitted to the Supreme Court for a determination of plaintiff's request for counsel fees.