GABRIEL BERNER, Respondent, v MOORE BUSINESS FORMS, INC., Doing Business as RESPONSE GRAPHICS AND INTERFACE MARKETING, Defendant, and COHEN SWADOS WRIGHT HANIFIN BRADFORD & BRETT, Appellant. [613 NYS2d 307] —Order insofar as appealed from unanimously reversed on the law without costs, motion granted and third cause of action dismissed. Memorandum: Supreme Court erred in denying the motion of defendant law firm to dismiss the third cause of action in the amended complaint. Plaintiff instituted this action to recover damages sustained from the alleged wrongful termination of his employment with defendant Moore Business Forms, Inc. (Moore). Plaintiff was a co-managing director of the One-On-One Marketing Group of Response Graphics, an unincorporated division of Moore, under the terms of an employment agreement expiring on December 31, 1992. In February 1988 Moore notified plaintiff that his position had

been terminated and presented him with a proposed severance agreement. In response to a letter from plaintiff's attorney that presented a counterproposal for severance pay and other related items, the law firm, as attorneys for Moore, advised plaintiff by letter dated March 10, 1988 that Moore would be discontinuing its One-On-One Marketing operation on March 31, 1988. Soon after plaintiff started his own corporation, he learned that Moore had not discontinued the One-On-One Marketing business but was then operating under the trade name "Interface Marketing".

Plaintiff's third cause of action in the amended complaint sought to recover damages for fraud, alleging that the representations made by the law firm were recklessly made and that they "should have known that the business operation of the One-On-One Marketing Group would not and did not in fact discontinue its business operations on March 31, 1988 and that defendant MOORE did continue those business operations under the name of 'INTERFACE MARKETING' ". Following joinder of issue and pretrial depositions, the law firm moved for summary judgment dismissing the second and third causes of action of plaintiff's amended complaint. Supreme Court dismissed the second cause of action for negligent representation, but denied the law firm's motion to dismiss the third cause of action for fraud.

The law firm contends that plaintiff's cause of action for fraud should have been dismissed. We agree. A cause of action for fraud requires proof of "a representation of fact, which is either untrue and known to be untrue or recklessly made, and which is offered to deceive the other party and to induce them to act upon it, causing injury" *(Jo Ann Homes v Dworetz,* 25 NY2d 112, 119; *see, Green v Leibowitz,* 118 AD2d 756, 758).

In support of its motion, the law firm submitted an affidavit of Attorney Kohn asserting that all information in his letter dated March 10, 1988 was furnished by officers of Response Graphics and that he had no reason to question its accuracy. The law firm also furnished an affidavit from the president of Response Graphics confirming that he gave that information to the attorney. He further asserted that the information was true. The law firm thereby met its initial burden by showing absence of scienter, a necessary element of a fraud cause of action. In opposition to the law firm's motion, plaintiff merely sought to impeach the credibility of the attorney who authored the letter and failed to submit any evidentiary facts sufficient to raise a triable issue of fact with respect to the

scienter element of fraud on the part of the law firm. We conclude that plaintiff presented no facts to establish a cause of action for fraud against the law firm based upon the representations made in its letter of March 10, 1988 *(see, National Westminster Bank v Weksel,* 124 AD2d 144, *lv denied* 70 NY2d 604). Consequently, the law firm's motion for summary judgment dismissing plaintiff's third cause of action for fraud is granted *(see, Lang v Warner,* 121 AD2d 514, *lv denied* 69 NY2d 601; *Brown v Lockwood,* 76 AD2d 721, 732-734). (Appeal from Order of Supreme Court, Nassau County, Roncallo, J.—Partial Summary Judgment.) Present—Pine, J. P., Lawton, Wesley, Callahan and Davis, JJ.