■ MARY SANDS, Respondent-Appellant, v TICKETMASTER-NEW YORK, INC., Appellant-Respondent, et al., Defendants. [616 NYS2d 362] —Order of the Supreme Court, New York County (Stephen G. Crane, J.), entered February 17, 1994, which, *inter alia,* denied defendant Ticketmaster's motion for summary judgment with respect to the first, fourth and sixth causes of action in the complaint and denied the plaintiff's cross motion to add a seventh cause of action to the complaint, is unanimously modified, on the law, to the extent of granting defendant's motion with respect to the first, fourth and sixth causes of action, and otherwise affirmed, without costs or disbursements.

Plaintiff's first cause of action, brought under section 349 of the General Business Law which prohibits deceptive acts and practices, should have been dismissed. Although plaintiff contends defendant's fees are "excessive", there is no dispute that such fees are always disclosed by Ticketmaster. Therefore, the "challenged business practices" do not "violate the prohibition against deceptive business practices under General Business Law § 349, since the record shows that these practices are *fully disclosed* prior to [the sale of tickets]" *(Lewis v Hertz Corp.,* 181 AD2d 493, 494, *lv dismissed* 80 NY2d 893 [emphasis added]).

Further, the allegations of plaintiff's counsel in a hearsay affirmation were insufficient to raise any issue of fact, and the conclusory and speculative plea for further discovery should have been denied. While plaintiff alleged collusion between defendant and promoters in allocation of tickets, plaintiff could and should have availed herself of the administrative filings required pursuant to the Arts and Cultural Affairs Law to establish a nexus between her speculation and the actual ratio of box office sales to Ticketmaster sales.

Likewise, the IAS Court erred in not dismissing the fourth cause of action, brought pursuant to General Business Law § 340 (Donnelly Act), charging defendant with entering "into contracts in restraint of trade" and engaging "in monopolistic practices violative of GBL 340". While plaintiff alleged a conspiracy, the conclusory allegations were legally insufficient to make out a violation of the Donnelly Act *(Creative Trading Co. v Larkin-Pluznick-Larkin,* 75 NY2d 830, *revg for reasons stated in dissenting mem of Sullivan, J.,* 148 AD2d 352, 354-357). Furthermore, a Donnelly Act violation to restrain trade can only occur when the "conspirators" are in competition with one another or with the plaintiff. This situation is not present herein, where defendant and the "venues" which it deals with, such as theatres, stadiums, arenas and promoters, are in the respective positions of agent and principal, not competitors *(see, Fuchs Sugars & Syrups v Amstar Corp.,* 602 F2d 1025, 1031, *cert denied* 444 US 917; *Dawn to Dusk v Brunckhorst Co.,* 23 AD2d 780, 781). Finally, the IAS Court sustained the sixth cause of action for unjust enrichment because it "hinges on the practices claimed by plaintiff to be illegal". Since we find the other causes of action alleging illegality to be meritless, this cause of action must also fail.

However, the IAS Court properly denied plaintiff's cross motion to add a seventh cause of action. While plaintiff sought to assert a new claim under article 25 of the Arts and Cultural Affairs Law, in section 25.29 (1), the Legislature exempted the very activity of which plaintiff complained. Agents of the operator, such as defendant, are not precluded from charging a service fee and that section does not require such charges to always be the same.

We have examined plaintiff's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Ellerin and Asch, JJ.