■ RAYMOND J. KLEMBCZYK, Appellant, v JOSPEH DiNARDO, Respondent, et al., Defendant. [705 NYS2d 743] —Order unanimously reversed on the law without costs, motion denied and complaint against defendant Joseph DiNardo reinstated. Memorandum: Supreme Court erred in granting the motion of Joseph DiNardo (defendant) for summary judgment dismissing the complaint against him. We note at the outset that the court failed to view the facts in the light most favorable to the party opposing the motion (*see, Victor Temporary Servs. v Slattery,* 105 AD2d 1115, 1117) and in basing its decision in part upon facts outside the record.

Defendant was plaintiff's counsel in a personal injury action and continued to represent him when plaintiff invested in Advanced Marketing Concepts, Inc. (AMC), a company in which

defendant held a 25% interest. Plaintiff alleges that defendant induced him to invest in AMC by providing him with a booklet that contained false representations and by advising him, based upon the booklet, that AMC was an excellent investment opportunity. It is undisputed that the booklet contained false representations; that AMC was managed by a longtime friend and associate of defendant and operated out of defendant's law office; and that the only other investor was also defendant's client, and who, like plaintiff, had sustained permanent brain damage.

To prevail on the cause of action for actual fraud, plaintiff must establish that defendant made " 'a representation of fact, which is either untrue and known to be untrue or recklessly made, and which [was] offered to deceive the other party and to induce [him] to act upon it, causing injury' " (*Berner v Moore Bus. Forms,* 204 AD2d 1072, 1073). In support of his motion, defendant denied that he knew of the booklet's existence. In opposition, plaintiff submitted proof in admissible form that he received the booklet from defendant and that defendant advised him, based upon the booklet, that AMC was an excellent investment opportunity. Even assuming, arguendo, that defendant met his initial burden of establishing his entitlement to judgment by his bare denial that he knew of the booklet's existence, we conclude that plaintiff raised issues of fact whether defendant provided the booklet to plaintiff, and if so, whether he knew of its contents or, if he did not know its contents, whether he recklessly provided the booklet to plaintiff (*cf., Berner v Moore Bus. Forms, supra*).

Plaintiff also raised an issue of fact with respect to the constructive fraud cause of action. The elements of constructive fraud are the same as those for actual fraud, except that the element of scienter is replaced by a fiduciary or confidential relationship between the parties (*see, Brown v Lockwood,* 76 AD2d 721, 731). It is undisputed that defendant was plaintiff's counsel at the time plaintiff invested in AMC and that he did not advise plaintiff to seek the advice of independent counsel or advise him of the risks of the venture (*see, Matter of Creaser,* 214 AD2d 201, 202; Code of Professional Responsibility DR 5-104 [A] [22 NYCRR 1200.23 (a)]). (Appeal from Order of Supreme Court, Erie County, Sedita, Jr., J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Hurlbutt and Scudder, JJ.