■ CITIPOSTAL, INC., on Behalf of Itself and all Others Similarly Situated, Appellant, v UNISTAR LEASING et al., Respondents. [724 NYS2d 555] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff acquired certain mobile communications equipment as lessee under a self-described "finance lease." The lease, assigned to defendant Unistar Leasing (Unistar) shortly after its inception, provides for a term of 12 months and for a "down payment" of $2,084.62 and 11 additional monthly payments of $525.21 plus tax. The lease further provides that plaintiff has the option to purchase the equipment for one dollar upon fulfillment of its lease obligation, and that plaintiff may exercise the purchase option by furnishing written notice no later than 90 days prior to expiration of the lease term. The lease further provides in relevant part: "If upon expiration or termination, you do not exercise the Purchase Option, at our option (a) we may remove the equipment and you agree to pay us an amount equal to a minimum of two monthly payments, or (b) the equipment will continue to be held and leased by you for successive one-year periods at the same monthly rental in the original lease subject to the rights of either party to terminate the lease upon twelve (12) months written notice (at the end of the 12 months you

will deliver the equipment to us under the terms of this paragraph)."

Plaintiff took possession of the equipment and made all of the monthly payments required by the lease. It did not, however, furnish notice that it would exercise its option to purchase the equipment for one dollar. After expiration of the lease term, Unistar continued to render monthly invoices, which plaintiff duly paid, for a period of 18 months. Upon realizing that it had paid some $10,233.72 more than the total amount required to be paid over the lease term, plaintiff commenced this action to recover all lease payments made after expiration of the lease term based upon causes of action for breach of General Obligations Law § 5-901 and General Business Law § 349, fraud, and conversion. In addition, plaintiff sought to recover all lease payments made based upon a cause of action for usury. Defendants moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (1) and (7), and plaintiff cross-moved to extend its time in which to move for certification as a class action and to compel discovery. Supreme Court granted defendants' motion in its entirety and denied plaintiff's cross motion. Although we agree that the amended complaint is insufficient with regard to the causes of action asserted therein, we nevertheless conclude that the allegations of the amended complaint are sufficient to state a cause of action for restitution upon the theory of money had and received, or quasi-contract.

Plaintiff contends that the parties' transaction is a security agreement (see, UCC 9-105 [1] [l]) creating a security interest (see, UCC 1-201 [37]), and not a "lease" (see, UCC 2-A-103 [1] [j]). Defendants contend that the transaction is a finance lease (see, UCC 2-A-103 [1] [g]) and not a security agreement, noting that the lease specifically provides that it is "a 'finance lease' as that term is defined in UCC Article 2A." We agree with plaintiff.

The issue whether a transaction involving the acquisition of personalty constitutes a lease or a security agreement must be determined in accordance with UCC 1-201 (37), which provides in relevant part that a security interest "means an interest in personal property or fixtures which secures payment or performance of an obligation * * * Whether a transaction creates a lease or security interest is determined by the facts of each case; however, a transaction creates a security interest if the consideration the lessee is to pay the lessor for the right to possession and use of the goods is an obligation for the term of the lease not subject to termination by the lessee, and * * * (d) the

lessee has an option to become the owner of the goods for no additional consideration or nominal additional consideration upon compliance with the lease agreement."

The subject transaction falls squarely within UCC 1-201 (37) (d), and is therefore a security agreement and not a lease (*see, In re Eagle Enters.*, 237 BR 269, 274; *see generally*, 4 White & Summers, Uniform Commercial Code § 30-3 [Practitioner's *4th ed]). Thus, defendants' interest in the equipment was terminated upon completion of plaintiff's payment obligations. Because the parties' transaction was a security agreement and not a lease, General Obligations Law § 5-901 is inapplicable, and plaintiff has no cause of action pursuant to that statute.

Nor does the amended complaint state a cause of action for deceptive business practices in violation of General Business Law § 349. Plaintiff contends that defendants have engaged in a deceptive business practice by providing in the lease for rental payments to which it is not entitled, predicated upon plaintiff's inadvertent failure to exercise the one dollar purchase option. The elements of a cause of action for deceptive business practices under General Business Law § 349 are a consumer-oriented act or practice that is misleading in a material way, and that causes injury to the plaintiff (*see, Stutman v Chemical Bank*, 95 NY2d 24, 29). Here, the acts complained of are not consumer-oriented within the meaning of section 349 (*see, Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25-26; *Sheth v New York Life Ins. Co.*, 273 AD2d 72, 73; *Cruz v NYNEX Information Resources*, 263 AD2d 285, 291). The acts complained of are limited to business rather than consumer leases, and the conduct complained of cannot carry over to consumer transactions (*cf., Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, supra,* at 25). Further, because the conduct complained of is specifically provided for by the parties' agreement and thus was fully disclosed, such conduct is not a deceptive practice within the meaning of section 349 (a) (*see, Sands v Ticketmaster-New York*, 207 AD2d 687, *lv denied* 85 NY2d 904; *Lewis v Hertz Corp.*, 181 AD2d 493, 494, *lv dismissed* 80 NY2d 893).

The amended complaint also fails to state a cause of action for fraud, conversion or usury. With respect to fraud, the amended complaint fails to allege that defendants made a knowing or reckless false statement, intending to deceive plaintiff and to induce plaintiff to act thereon, causing injury (*see generally, Jo Ann Homes at Bellmore v Dworetz*, 25 NY2d 112, 119; *Klembczyk v Di Nardo*, 265 AD2d 934, 935; *Berner v*

*Moore Bus. Forms,* 204 AD2d 1072, 1073). The amended complaint also fails to state a cause of action for conversion, defined as "any unauthorized exercise of dominion or control over property by one who is not the owner of the property which interferes with and is in defiance of a superior possessory right of another in the property" (*Meese v Miller,* 79 AD2d 237, 242; *see, AMF Inc. v Algo Distribs.,* 48 AD2d 352, 356-357). Although "specific money" can be the subject of a cause of action for conversion (*Meese v Miller, supra,* at 243), "a mere claim of monies paid out by mistake based upon contract will not support" such a cause of action (*Marine Midland Bank v Russo Produce Co.,* 65 AD2d 950, 952, *mod on other grounds* 50 NY2d 31). Nor does the amended complaint state a cause of action for usury, which must be predicated upon the imposition of an unlawful rate of interest on a "loan or forbearance of money, goods or things in action" (General Obligations Law § 5-501 [1]). Neither a lease nor a sale on credit constitutes a loan or forbearance (*see, Orix Credit Alliance v Northeastern Tech Excavating Corp.,* 222 AD2d 796, 797-798; *see also, Feinberg v Old Vestal Rd. Assocs.,* 157 AD2d 1002).

The contention of plaintiff that its post-lease payments unjustly enriched defendant is raised for the first time in its reply brief on appeal. Nevertheless, in deciding a motion pursuant to CPLR 3211 (a) (7), "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (*Guggenheimer v Ginzburg,* 43 NY2d 268, 275; *see, Leon v Martinez,* 84 NY2d 83, 87-88; *Grossman v Pharmhouse Corp.,* 234 AD2d 918, 919). Applying that criterion, we agree with plaintiff that the allegations of the amended complaint are sufficient to state a cause of action for money had and received, or quasi-contract. Such a cause of action is available to obtain restitution from one who has been unjustly enriched, i.e., one who "possesses money that in equity and good conscience he ought not to retain and that belongs to another" (*Parsa v State of New York,* 64 NY2d 143, 148, *rearg denied* 64 NY2d 885). The remedy is available whether the defendant has obtained the money by wrongdoing, illegality, or mistake (*see, Parsa v State of New York, supra,* at 148; *Blue Cross v Wheeler,* 93 AD2d 995, 996). Here, plaintiff may assert a quasi-contract cause of action upon the theory that defendants were unjustly enriched by the $10,233.72 that they received as additional lease payments, under either a mutual mistake or a unilateral mistake that such payments were required by the finance lease, when in fact the parties' transaction was a secured sale, pursu-

ant to which defendants' interest in the goods, and plaintiff's obligation to pay, terminated upon completion of the lease payments.

Finally, we grant the cross motion of plaintiff to extend the time in which to move for class action certification and to compel discovery in order to establish its entitlement thereto. Plaintiff is "entitled to discovery to adduce evidence to meet [its] burden of showing that the statutory prerequisites for certification of a class are met" (*Meraner v Albany Med. Ctr.*, 199 AD2d 740, 742; *see, Casey v Prudential Sec.*, 268 AD2d 833, 834). We modify the order, therefore, by denying defendants' motion in part and reinstating the amended complaint to the extent that it states a cause of action for money had and received, or quasi-contract, and by granting plaintiff's cross motion, and, with respect to the cross motion, we remit the matter to Supreme Court to determine the length of the extension of time as well as the nature and extent of appropriate discovery. (Appeal from Order of Supreme Court, Onondaga County, Tormey, III, J.—Dismiss Pleading.) Present—Pine, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.