■ STEVEN COLUCCI et al., Respondents, v AFC CONSTRUCTION et al., Defendants, and ANTHONY F. CATANZARO, Appellant. [863 NYS2d 767]—

In an action, inter alia, to recover damages for breach of contract, the defendant Anthony F. Catanzaro appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated March 5, 2007, as denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted against him individually.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Anthony F. Catanzaro individually is granted.

Contrary to the determination of the Supreme Court, the plaintiffs failed to submit sufficient evidence to raise a triable issue of fact as to the personal liability of the defendant Anthony F. Catanzaro in opposition to Catanzaro's prima facie showing of entitlement to summary judgment (*see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]). Catanzaro demonstrated that the construction contract at issue was solely between the plaintiffs as property owners and the defendant Southbayview Construction Corporation (hereinafter Southbayview), Catanzaro's closely-held corporation. The text of the

contract expressly and unequivocally established that Catanzaro executed the agreement only as the representative of Southbayview, and the plaintiffs failed to present any evidence of an intention that Catanzaro was to be personally bound thereby (*see Savoy Record Co. v Cardinal Export Corp.,* 15 NY2d 1, 4 [1964]; *Noel v L & M Holding Corp.,* 35 AD3d 681, 682 [2006]; *Weinreb v Stinchfield,* 19 AD3d 482, 483 [2005]). In this regard, the plaintiff Steven Colucci's conclusory assertions in opposition to the motion for summary judgment that he was unaware that any corporation was involved in the transaction and believed that Catanzaro was conducting business as an individual are completely contradicted by the language of the contract and by his own earlier deposition testimony. Accordingly, his affidavit raised only feigned issues of fact designed to avoid the consequences of his prior testimony, and was insufficient to defeat the motion for summary judgment (*see Marchese v Skenderi,* 51 AD3d 642 [2008]; *McFadden v Village of Ossining,* 48 AD3d 761, 762 [2008]; *Karwowski v New York City Tr. Auth.,* 44 AD3d 826, 827 [2007]; *Nieves v JHH Transp., LLC,* 40 AD3d 1060 [2007]).

The plaintiffs similarly failed to raise an issue of fact as to whether Catanzaro abused the corporate form in order to commit a wrong which injured them, so as to warrant the piercing of Southbayview's corporate veil in order to hold him personally liable (*see generally TNS Holdings v MKI Sec. Corp.,* 92 NY2d 335, 339-340 [1998]; *Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135, 140-144 [1993]; *Matter of Goldman v Chapman,* 44 AD3d 938, 940 [2007]; *Treeline Mineola, LLC v Berg,* 21 AD3d 1028, 1029 [2005]).

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Dillon, Eng and Belen, JJ., concur. [*See* 2007 NY Slip Op 30052(U).]