■ MERCURY PARTNERS, INC., Appellant-Respondent, v WHITE EAGLE PARTNERS, LLC, Respondent-Appellant. [902 NYS2d 67]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered December 2, 2009, which incorporated an interim order denying plaintiff's motion for summary judgment, granted defendant's cross motion for sanctions to the extent of imposing sanctions in the amount of $2,635, and denied that portion of the cross motion seeking summary dismissal of the complaint or limitation of damages, unanimously affirmed, without costs.

Plaintiff, a placement agency, referred a candidate to defendant for employment. Even though defendant's principal told plaintiff's principal that the candidate had already been referred to him by another source, plaintiff, with defendant's consent, set up the initial employment interview of the candidate. Defendant's principal admittedly had a further discussion with plaintiff's principal wherein he allegedly gave some weight, albeit minimal, to the latter's opinion. This presented an issue of fact as to the client employer's understanding, at the time of the referral, whether a fee might be owed were it to hire the candidate. The agreement is ambiguous as to whether plaintiff did actually refer a candidate, within the meaning of the contract, to a client already familiar with that candidate, and can be parsed in two different, equally logical ways (*see Delaware Otsego Corp. v Niagara Fire Ins. Co.*, 192 AD2d 911, 912 [1993], *lv dismissed* 82 NY2d 705 [1993]).

General Business Law § 185, which refers to a job applicant's fee, is not applicable in this case, and defendant's efforts to apply it by analogy are unpersuasive.

Given the withdrawal by plaintiff's counsel of a prior motion for summary judgment without notice to his adversary, it was not an improvident exercise of the court's discretion to conclude that said counsel had wasted the time of the court and defense counsel, warranting sanctions (*see CCS Communication Control v Kelly Intl. Forwarding Co.*, 166 AD2d 173, 175 [1990]). Concur—Gonzalez, P.J., Sweeny, Acosta, Renwick and Román, JJ.