12-1253-cv
Lebowitz v. Dow Jones

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY
OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York  the 28ᵗʰ
day of January, two thousand thirteen.

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                     *Circuit Judges.*

_____

GARY LEBOWITZ, ON BEHALF OF HIMSELF AND ALL OTHER
PERSONS SIMILARLY SITUATED, ALLAN NEWMARK,
INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY
SITUATED, ANDREW NEWMARK, INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS SIMILARLY SITUATED, BURT FAURE,
INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

*Plaintiffs-Appellants*,

-v-                                          No. 12-1253-cv

DOW JONES AND COMPANY,

*Defendant-Appellee*.

_____

Appearing for Appellants:     Catherine E. Anderson, Giskan Solotaroff Anderson & Stewart
                              LLP, New York, NY

Appearing for Appellee:       Randy M. Mastro, Gibson, Dunn & Crutcher LLP (Daniel M.
                              Sullivan, *on the brief*), New York, NY

Appeal from the United States District Court for the Southern District of New York (Cedarbaum, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Gary Lebowitz, Allan Newmark, Andrew Newmark, and Burt Faure, individually and on behalf of all others similarly situated, appeal from the March 12, 2012 opinion and order of the United States District Court for the Southern District of New York (Cedarbaum, *J.*) granting defendant's motion for summary judgment and dismissing their claims. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The gravamen of plaintiffs' complaint is that the Subscriber Agreement did not allow Dow Jones to spin off Barron's Online into a separate subscription service before the end of each subscriber's subscription period and without prior notice. The Subscriber Agreement includes Barron's in its definition of "services," and then reserves to Dow Jones the right to "discontinue or change the Services, or their availability to you, at any time." Nor are we persuaded by plaintiffs' arguments that eliminating the Barron's online service renders the subscription contract illusory. Under New York law, a contract is not illusory merely because its terms give discretion to one party to the contract, *see Lee v. Joseph E. Seagram & Sons, Inc.*, 552 F.2d 447, 454 (2d Cir. 1977) (citing *Wood v. Lucy, Lady Duff Gordon*, 222 N.Y. 88, 90-91 (1917), as every contract encompasses the implied duty of good faith and fair dealing. *See Fishoff v. Coty Inc.*, 634 F.3d 647, 653 (2 Cir. 2011). New York courts consider whether a defendant's behavior is reasonable before finding a contract illusory. *See, e.g., Horowitz v. N.Y. Blood Ctr., Inc.*, 2003 WL 22287468, No. 100382/03 at *3 (N.Y. Sup. Ct. Oct. 2, 2003). While the question of reasonableness can be one for the jury, here we find that as a matter of law, Dow Jones's actions were reasonable.

Plaintiffs also argue the district court erred in dismissing their Section 349(a) claim. Section 349(a) provides that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." A Section 349(a) claim requires plaintiffs to prove that (1) the challenged act or practice was consumer oriented; (2) the act or practice was misleading in a material way; and (3) the plaintiffs suffered injury as a result of the deceptive act. *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000) (citation omitted). "Whether a representation or an omission, the deceptive practice must be likely to mislead a reasonable consumer acting reasonably under the circumstances." *Id.* (quotation and citation omitted). Where a claim alleges an omission, a Section 349(a) claim stands only "where business alone possesses material information that is relevant to the consumer and fails to provide this information." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 26 (1995).

Here, plaintiffs argue that Dow Jones violated Section 349(a) by failing to inform subscribers before they prepaid their subscriptions that Dow Jones was considering spinning off Barron's Online into a separate service that would no longer be part of the Wall Street Journal online service. Plaintiffs' Section 349(a) claim fails for the same reason their breach of contract claim fails. When the terms of a bargain are fully disclosed to the plaintiff prior to acceptance, then there is no deceptive omission giving rise to a Section 349 claim. *See, e.g., Lewis v. Hertz*

*Corp.*, 181 A.D.2d 493, 494 (1st Dept. 1992) (affirming dismissal of § 349(a) claim against a car rental company for its offered options and fees because the practices were fully disclosed); *Citipostal, Inc. v. Unistar Leasing*, 283 A.D.2d 916, 918 (4th Dept. 2001) (affirming dismissal of § 349(a) claim in part because "the conduct complained of is specifically provided for by the parties' agreement and thus was fully disclosed").

We have examined the remainder of plaintiffs' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3