12-0989-cv; 12-0995-cv
FLB, LLC v. @Wireless; @Wireless v. AI Consulting, LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 21st day of October, two thousand thirteen.

Present:
> ROSEMARY S. POOLER,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*.

_____

FLB, LLC, FRANCINE BERGAMI, administrator of the
ESTATE OF RONALD BERGAMI,

*Plaintiffs-Appellants*,

-v-                                    12-0989-cv

CELLCO PARTNERSHIP, d/b/a VERIZON WIRELESS and VERIZON
TRADEMARK SERVICES, LLC, @WIRELESS ENTERPRISES, INC.,
5LINX, CRAIG J. JERABECK,

*Defendants-Appellees*.

_____

@WIRELESS ENTERPRISES, INC.,

*Plaintiff-Counter-Defendant-Appellee*,

-v-                                    12-0995-cv

AI CONSULTING, LLC, ANDREW IORIO,

     *Defendants-Counter-Claimants-Third-Party Plaintiffs-Appellants,*

     -v-

CRAIG J. JERABECK, 5LINX,

     *Third-Party Defendants-Appellees.*

_____

| | |
|---|---|
| Appearing for Appellants: | Eddi Zyber Zyko, Esq., Middlebury, CT., *for Plaintiffs-Appellants FLB, LLC and Francine Bergami and for Defendants-Counter-Claimants-Third-Party Plaintiffs-Appellants AI Consulting, LLC and Andrew Iorio*. |
| Appearing for Appellees: | A. Vincent Buzard, Harris Beach PLLC, Pittsford, N.Y., *for Defendant-Appellee and Plaintiff-Counter-Defendant-Appellee @Wireless Enterprises, Inc. and Defendant-Appellee and Third-Party Defendant-Appellee Craig J. Jerabeck*, and Ellen J. Coyne, Conesus, N.Y., *for Defendant-Appellee 5LINX*. |

Appeals from the United States District Court for the Western District of New York (Siragusa, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of said District Court be and hereby are **AFFIRMED**.

Plaintiffs-Appellants FLB, LLC and Francine Bergami, administrator of the estate of Ronald Bergami (collectively, "FLB"), seek review of the May 16, 2011 order and decision of the United States District Court for the Western District of New York (Siragusa, *J.*), granting the motion for summary judgment brought by Defendants-Appellees Craig J. Jerabeck and 5Linx on a number of tort and contract claims. Additionally, AI Consulting, LLC, and Andrew Iorio (collectively, "AI") appeal from the December 19, 2011 and February 10, 2012 order and judgment of the United States District Court for the Western District of New York (Siragusa, *J.*), granting summary judgment to @Wireless on the balance of a promissory note owed by AI.

Because these two cases, which were argued in tandem, concern overlapping issues arising from a similar series of transactions, we consolidate them for disposition. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

I. FLB's Claims

FLB asserted a number of tort claims against Jerabeck, the Chief Executive Officer of @Wireless, in his individual capacity. "[A] corporate officer who participates in the commission of a tort may be held individually liable, . . . regardless of whether the corporate veil is pierced." *Fletcher v. Dakota, Inc.*, 948 N.Y.S. 2d 263, 267 (1st Dep't 2012) (omission in original) (internal quotation marks omitted). However, FLB alleges four causes of action against Jerabeck that require a fiduciary or special relationship as one of the elements of the tort at issue. *See Mandarin Trading Ltd. v. Wildenstein,* 16 N.Y. 3d, 173, 179 (2011) (a fiduciary relationship is an element of the tort of fraudulent concealment); *Klembczyk v. Di Nardo*, 705 N.Y.S. 2d 743, 744 (4th Dep't 1999) (fiduciary relationship is an element of the tort of constructive fraud); *In re First Cent. Fin. Corp.*, 377 F.3d 209, 212 (2d Cir. 2004) (fiduciary relationship is an element of the tort of constructive trust); *Hydro Investors, Inc.*, *v. Trafalgar Power Inc.*, 227 F.3d 8, 20-21 (2d Cir. 2000) (special relationship is an element of the tort of negligent misrepresentation). And it is settled that no fiduciary relationship exists between a franchisor and franchisee. *Bevilacque v. Ford Motor Co.*, 509 N.Y.S. 2d 595, 599 (2d Dep't 1986). It is also settled that a franchisor-franchisee relationship is not a "special relationship" for the purposes of establishing a claim of negligent misrepresentation. *Manhattan Motorcars, Inc., v. Automobil Lamborghini, S.p.A.,* 244 F.R.D. 204, 215 (S.D.N.Y. 2007). We affirm the district court with respect to these four causes of action.

FLB also asserted claims based on breach of contract and breach of the implied covenant of good faith and fair dealing against Jerabeck. However, FLB has not raised a triable issue of fact sufficient to pierce the corporate veil. *See Colucci v. AFC Const.*, 863 N.Y.S. 2d 767, 768 (2d Dep't 2008). As such, there is no ground to find Jerabeck personally liable for these claims. Even if we were to pierce the corporate veil, we agree with the district court that there is no issue of material fact with respect to these claims. We do not find that there is a breach alleged in this case that FLB can enforce, given that the Franchise Agreement between @Wireless and FLB did not specify that FLB would have a right to distribute Verizon products specifically, rather than simply @Wireless products, and FLB was not a third-party beneficiary to the contract between Verizon and @Wireless.

We have considered the remainder of FLB's claims and find them to be without merit.

II. @Wireless's Claim and AI's Counterclaims and Third-Party Claims

"Where . . . summary judgment is sought on a note, judgment is appropriately granted when there is no material question concerning execution and default of the note." *Intelligent Digital Sys., LLC, v. Visual Mgmt. Sys., Inc.*, 736 F. Supp. 2d 596, 599 (E.D.N.Y. 2010) (internal quotation marks omitted). Here, Iorio has acknowledged he signed the note on behalf of AI. There is no dispute with respect to the amount due on the note, or when Iorio stopped making payments on the note. We affirm the order of February 10, 2012 in its entirety.

AI also argues that the district court erred in granting summary judgment against AI on its various tort and contract claims. We lack jurisdiction to address that argument. The district

court dismissed AI's counterclaims and third-party claims—which are identical to the claims made against Jerabeck by FLB in the parallel litigation, and which we have above found entirely without merit —on May 16, 2011, long before it resolved @Wireless's claim on the promissory note. AI's notice of appeal, entered on March 13, 2012, referred only to the decision and order of December 19, 2011 and the order and judgment dated February 9, 2012, and entered February 10, 2012, which granted summary judgment to @Wireless on the promissory note, but which did not rule on the already-dismissed counterclaims against @Wireless or the already-dismissed third-party claims against Jerabeck and 5Linx. Indeed, the December 19, 2011 order explicitly noted that these claims had been disposed of earlier in the litigation. AI's notice of appeal references neither the May 16, 2011 order dismissing its claims against Jerabeck, 5Linx, and @Wireless, nor the district court's March 16, 2012 amended judgment that consolidated the May 16, 2011 and December 19, 2011 orders and rendered a final judgment on the case. While "we have often enough manifested our willingness to construe notices of appeal liberally, . . . if the parts [of the judgment] are truly independent, the more likely inference from the designation of particular parts in the notice of appeal is that the appellant does not desire review of parts not designated." *Terkildsen v. Waters*, 481 F.2d 201, 206 (2d Cir. 1973) (alteration in original) (internal citations and quotation marks omitted). In this case, we will not infer that AI expressed its intention to appeal the dismissal of its claims against @Wireless, Jerabeck, and 5Linx, when the notice of appeal indicates otherwise. Because we have dismissed the tort and contract counterclaims and third-party claims for lack of jurisdiction, Appellees' motion renewed at oral argument for leave to respond to those arguments is moot.

We have considered the remainder of AI's arguments and find them to be without merit.

Accordingly, the orders of the district court hereby are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4